## MONTANA LUMBER & MANUFACTURING COMPANY, RESPONDENT, *v.* OBELISK MINING CONCENTRATING COMPANY ET AL., APPELLANTS.

[Submitted September 14, 1894. Decided September 24, 1894.]

MECHANIC'S LIEN—*Right of lessor as against lien claimant.*—The provision of section 1375, division 5, of the Compiled Statutes, that, where the interest owned in land by the proprietor of a building to which a lien has attached is only a leasehold, the building may be sold and removed, is paramount to the provision of a mining lease to the effect that all improvements placed on the premises by the lessee should become the property of the lessor as soon as placed on the mine and remain a part thereof, and such lease will be presumed to have been made in contemplation of the statute. (*Pelton* v. *Minah Con. Min. Co.*, 11 Mont. 281; *Block* v. *Murray*, 12 Mont. 545, distinguished.)

SAME—*Affidavit to lien claim—Sufficiency.*—An affidavit to a lien claim filed by a corporation which is subscribed with the name of the company by its manager is sufficient, where it appears that such manager was the person to whom the oath was administered, and the affidavit appearing from its own terms to be the individual expression and affirmation of such manager from his own personal knowledge.

SAME—*Leased land—Name of owner.*—A mechanic's lien which does not seek to charge the land, but only the improvements placed thereon by a lessee, need not state the name of the owner of the property where the name of the owner of the improvements is given.

SAME—*Building constructed on leased premises.*—A lien for materials furnished to the lessee of land, and used in the construction of a building thereon, is not restricted, as against the lessor, to the precise materials so furnished, but extends to the entire building erected by the lessee.

*Appeal from Fifth Judicial District, Jefferson County.*

ACTION to foreclose mechanic's lien. The cause was tried before SHOWERS, J. Decree for plaintiff. Modified.

*Corbett & Wellcome,* for Appellants.

The answers stated a defense to the right of plaintiff to a lien. (*Pelton* v. *Minah Con. Min. Co.,* 11 Mont. 281; *Block* v. *Murray,* 12 Mont. 545.) Under the Montana statute no contract of a tenant can give the right of lien. (Act of March 9, 1887, § 3, Extra Session 1887, p. 71.) In this case the plaintiff cannot claim that he has been misled by the fact of finding the defendant, Obelisk Mining and Concentrating Company, in possession of the property named in the plaintiff's complaint, as the lease was of record prior to the making of the contract between plaintiff and the said defendant company. The rule *caveat emptor* applies as well against a mechanic as against a vendee. (Phillips on Mechanics' Liens, § 232; *Bridwell* v. *Clark,* 39 Mo. 170; *Tritch* v. *Norton,* 10 Col. 337.) It is essential to the validity of the mechanic's lien that the notice of lien shall contain, as required by the statute, a statement of the claim and the name of the person to whom claimant furnished material. (*Rankin* v. *Malarkey,* 23 Or. 593; *Dillon* v. *Hart* (Oregon, Nov. 20, 1893), 34 Pac. Rep. 817.)

*Walsh & Newman,* for Respondent.

If plaintiff was entitled to any lien it should have been for a lien upon the entire structure, machinery, and improvements, and not upon the particular material placed in the plant by plaintiff. (See Phillips on Mechanics' Liens, §§ 13, 175; Jones on Liens, § 1385; *Equitable Life Ins. Co.* v. *Slye,* 45 Iowa, 615; *Hall* v. *St. Louis Mfg. Co.,* 22 Mo. App. 33; *Dobschuetz* v. *Holliday,* 82 Ill. 371; *Ombony* v. *Jones,* 19 N. Y. 234; *Chapin* v. *Persse etc. Works,* 30 Conn. 461; 79 Am. Dec. 263; *Sontag* v. *Doerge,* 14 Mo. App. 577; *Gaskill* v. *Davis,* 66 Ga. 666; *Appeal of Dickey,* 115 Pa. St. 73; *Dimmick* v. *Cook Co.,* 115 Pa. St. 573.) The ruling of the district court on the demurrer of plaintiff to the defendant's answer was proper, as their answer set up no defense to plaintiff's claim. Under the

statutes of Montana, mechanics and materialmen are clearly entitled to a lien upon buildings and improvements placed upon leased ground by the lessee, and they may sell the same and remove them within twenty days after the sale. (Comp. Stats., div. 5, § 1375.) It seems to us very clear to have been the intent of the legislature of this state to protect the mechanic and materialmen for their expenditure in material and labor on the house they build, by giving them a right to the building, if all other means of remedy fail. Under a similar statute in other states the courts have held that a lien might be enforced against the building and improvements alone. (*Tucker* v. *St. Louis etc. Ins. Co.*, 63 Mo. 588; *Nordyke etc. Co.* v. *Hawkeye Woolen Mills Co.*, 53 Iowa, 521; Phillips on Mechanics' Liens, § 193; *Smith* v. *Phelps*, 63 Mo. 585; *Seibel* v. *Siemon*, 52 Mo. 363; *Seibel* v. *Siemon*, 72 Mo. 526; *Conrad* v. *Starr*, 50 Iowa, 470.) The same principle is recognized as to the right to a lien upon buildings erected upon mortgaged land. (Comp. Stats., div. 5, § 1375; Phillips on Mechanics' Liens, § 238.) The fact that a portion of the improvements reverted under the lease to the lessors upon a forfeiture can make no difference. The common-law rule that things attached to realty form a part of the realty, and cannot afterwards be severed without the consent of the owner, is abrogated in favor of the lien. (2 Jones on Liens, § 1373; Phillips on Mechanics' Liens, §§ 192, 193; *Turner* v. *Robbins*, 78 Ala. 592; *Koenig* v. *Mueller*, 39 Mo. 165; *Thomas* v. *Smith*, 42 Pa. St. 68; *Trustees Caldwell Inst.* v. *Young*, 2 Duvall, 582; *Gaskill* v. *Trainer*, 3 Cal. 334.)

Harwood, J.—Both parties to this action appeal, and assign certain alleged errors in the adjudication thereof. Those assigned on the part of defendants will be first considered.

The object of the action is to obtain judgment in favor of plaintiff against the Obelisk Mining and Concentrating Company, defendant, upon a demand in the sum of two thousand six hundred and two dollars and seventy-one cents, for building material and machinery alleged to have been purchased from plaintiff, and used by said company in the construction of a certain shaft-house, ore-house, office building, and a five-

stamp concentrator on the Obelisk mining claim, situate in Jefferson county, Montana, and to foreclose a lien claimed by plaintiff on said improvements to secure payment of the judgment.   The defendant Obelisk Mining and Concentrating Company was not the owner of said mining claim, but was lessee thereof from defendants, Hight and Fairfield, who owned the same; and, while working said mining claim as lessee, the said Obelisk Mining and Concentrating Company obtained and used said material and machinery as aforesaid.   Plaintiff sought a decree foreclosing its lien claim upon said improvements, with provision for removal of the same from said mining claim by the purchaser, as provided by statute in such cases.   (Comp. Stats., div. 5, § 1375.)

The owners and lessors of said mining claim, Hight and Fairfield, appeared in defense, and opposed the granting of the relief demanded by plaintiff.   They set up in defense the lease of the said premises executed between themselves and the Obelisk Mining and Concentrating Company, by the terms and conditions of which it was provided that all improvements and machinery placed on said premises by the lessee (with a few exceptions, which do not concern this consideration) were to become the property of the owners as soon as placed on said mine, and remain as part thereof; and by virtue of that provision of the lease and the provisions of the lien law exempting the owner's interest in leased property from a lien for obligations incurred by a lessee while in possession thereof, the owners contend that no lien could attach to the said buildings and machinery put on said mining claim by the lessee to secure payment for the material used in the erection or equipment thereof.

Appellants Hight and Fairfield are supported by the statute and decisions in their contention, that the owner's interest and estate in leased property is not subject to be charged with a lien for obligations incurred by the lessee, in and about his operations thereon.   Such was the holding, upon careful consideration, in the case of *Pelton* v. *Minah Con. Min. Co.*, 11 Mont. 281, and *Block* v. *Murray*, 12 Mont. 545.   In these cases it was sought to fasten a lien on a leased mine to secure payment for labor employed by the lessee in working the same.   In the

latter case, in addition to claims for labor, there was an item for timber furnished by one of the claimants, and used in working the mine. But in neither case was it sought to foreclose a lien on any building or machinery, or other improvement put on the leased premises by the lessee capable of being removed therefrom, as is sought in the present case. The question involved between the lien claimants and the owners of the mining claim in the present case is widely distinguished from that involved in these cases—as widely distinguished as would be the holding in one case that no lien could be applied in favor of a laborer who stoped ore or dug a well on leased premises, under contract with, and for the use and benefit of, the lessee; and the holding in another case that a contractor and builder who, at the instance of the lessee, furnished the material or labor to construct a building on the same premises, capable of removal therefrom, was entitled to a lien on such improvement to secure payment for the labor or material used in the erection thereof, with provision to remove the same from the leased premises. In the one case it is readily perceived that there is something substantial put upon the leased premises by the lessee, to which a lien may be attached for obligations incurred in the erection thereof, and which can be taken away, leaving the estate of the owner as it was when leased; while in the other case there is no structure or thing erected by the lessee which can be removed to which a lien may be attached to secure payment for the labor employed by the lessee in relation thereto.

The statute of this state upon the subject of liens provides that "the entire land to the extent aforesaid upon which any such building, erection, or other improvement is situated, including as well that part of said land which is not covered with such building, erection, or other improvement, as that part thereof which is covered with the same, shall be subject to all liens created by this chapter, to the extent, and only to the extent, of all the right, title, and interest owned therein by the owner or proprietor of such building, erection, or other improvement, for whose immediate use or benefit the labor was done or things were furnished; and when the interest owned in such land by such owner or proprietor of such build-

ing, erection, or other improvement is only a leasehold interest, the forfeiture of such lease for the nonpayment of rent or noncompliance with any of the other stipulations therein shall not forfeit or impair such liens so far as concerns the buildings, erections, and improvements thereon put by such owner or proprietor charged with such lien, but such building, erection, or improvement may be sold to satisfy said lien, and be moved within twenty days after the sale thereof by the purchaser." (Comp. Stats., div. 5, § 1375, p. 1031.)

Under the provisions of this statute plaintiff is entitled to maintain its lien on improvements, such as buildings and machinery, placed on the leased premises by the lessee, to secure payment for the material or machinery furnished in the construction or equipment thereof, and is entitled to have its lien foreclosed thereon, and such improvements sold to satisfy such demand, with provision in favor of the purchaser to remove the things sold within the time provided by law. This lien attaches to matter added to the leased premises by the lessee, and goes no further, provision being made by law for removal thereof, so that the premises leased by the landlord may be returned to him unaffected by such lien. The statute so providing is paramount to the conditions of the lease, and the lien which the statute creates is not destroyed by a provision of the lease to the effect that the improvements by way of buildings or a mill for the reduction of ore shall inure to the lessor as soon as the same is placed on the premises. Such provisions of a lease, as well as provisions of other contracts, are subject to the provisions of the statute, and are presumed to have been made in contemplation thereof.

These appellants, Hight and Fairfield, further contend that the notice of plaintiff's lien was not properly verified. The statute provides that the lien claimant shall, within forty-five days after furnishing the labor or material for which the lien is claimed, file with the county clerk and recorder of the county wherein the property is situate "a just and true account of the amount due or owing to him, after allowing all credits, and containing a correct description of the property to be charged with said lien, verified by affidavit; but any error or mistake in the said account or description shall not affect the

validity of said lien: *Provided,* the property may be identified by said description." (15th Ex. Sess. Laws 1887, § 821, p. 71.) The account filed in this case was verified by O. J. McConnell, assistant manager of plaintiff, by the following affidavit:

STATE OF MONTANA, } *ss.*
  County of Silver Bow. }

"O. J. McConnell, being duly sworn, says that he is the assistant manager of the said Montana Lumber and Manufacturing Company; that he has heard read the above and foregoing notice and claim of lien, and knows the contents thereof; and that the statements and allegations therein contained are true, of affiant's own knowledge.

"MONTANA LUMBER AND MANUFACTURING COMPANY.
                "By O. J. McConnell, Asst. Mgr.

"Subscribed and sworn to before me, this 19th day of April, A. D. 1892.

             "AUGUSTUS T. MORGAN, Notary Public."

The point of objection to this verification is that McConnell appears to have subscribed the name of plaintiff corporation to this affidavit, and that the corporation was not acting and could not act as affiant therein. Notwithstanding this objection, the affidavit, as appears from its own terms, is the individual expression and affirmation of McConnell, out of his own mouth, and from his own personal knowledge, under oath administered by an officer duly qualified. It is his own personal utterance, verifying said account, under the sanction of his oath. We hold the verification sufficient.

Nor do we find sufficient force to vitiate the lien in the objection urged by appellants Hight and Fairfield that the notice of lien is insufficient, because it does not describe the party against whose property the lien was claimed. The notice of lien described said premises and the property on which the same are situate, and avers that the lumber, building material, and machinery were furnished by plaintiff to said defendant Obelisk company, and by it used in said improvements, and that said Obelisk company is the owner and reputed owner thereof. It is not proposed or sought in this action to make said lien a charge upon the property leased by Hight and Fair-

field to the Obelisk company, but only upon said buildings and reduction plant placed on said mining claim by said lessee, and fully described in said notice of lien.

The assignment of error presented on behalf of plaintiff is that the trial court, by its ruling and decree, restricted plaintiff's lien to the precise material and machinery furnished by it, and used in the construction of said buildings and reduction plant. Plaintiff was entitled to a lien extending throughout the structure or mechanical plant erected or established on said property by the lessee, in the erection or construction of which the material and machinery furnished by plaintiff had been used. Such lien extends to the structure added to the leased premises by the lessee, and no further; and the boundary line between the rights of such lien claimant and the rights of the owner of the leased premises is found by ascertaining, not just how much lumber, or paint, or wall-paper, or nails, or how many particular "jigs and plungers and jig screens" were furnished by the lien claimant towards the buildings or reduction works on which the lien is sought to be applied, but by ascertaining the original condition of the leased premises when the lessee went into possession thereof, as respects the improvement on which the lien is claimed. If this were a case where some particular piece of machinery had been added to the mill, owned and leased along with the mine, it would, of course, be proper to restrict the lien for such machinery to that which was added by the lessee, and such ruling would be in conformity with the views here expressed, because it is here held that the lien for things furnished the lessee cannot extend to the interest or estate of the lessor; but there is no contention in this case that any of the improvements upon which plaintiff sought to have its lien foreclosed, or any part of the same, existed on said premises, and was owned by the lessors Hight and Fairfield when they leased said premises. There is no denial that the improvements described in plaintiff's lien were wholly added to the leased premises by the lessee; and, if that be true, the same are subject to plaintiff's lien. The judgment should therefore be modified by decreeing the foreclosure of plaintiff's lien upon the structures described therein, and shown to have been placed on said property entirely by the lessee.

The cause is therefore remanded for modification of the judgment in conformity with the views herein expressed.

*Judgment modified.*

PEMBERTON, C. J., and DE WITT, J., concur.