## MONTANA LUMBER AND MANUFACTURING COMPANY, APPELLANT, *v.* OBELISK MINING AND CONCENTRATING COMPANY ET AL., RESPONDENTS.

[Submitted April 22, 1895. Decided April 29, 1895.]

APPEAL—*Modification of judgment—Remittitur.*—Where on remittitur to the district court, the court declined to modify the judgment so as to include certain property the supreme court will, on appeal, direct such modification to be made forthwith.

*Appeal from Fifth Judicial District, Jefferson County.*

ACTION to foreclose lien. A decree was rendered for plaintiffs below, by SHOWERS, J., and modified on appeal:

Mont. 20.   The directions to modify the judgment not being complied with the plaintiff appeals.   Modification ordered.

*Walsh & Newman,* for Appellant.

It was the duty of the lower court upon the filing of the remittitur to obey the mandate of the Supreme Court and enter judgment in accordance with the opinion expressed in the cause.   (Hayne on New Trial and Appeal, § 299; *Heinlen* v. *Martin,* 59 Cal. 181; *Keller* v. *Lewis,* 56 Cal. 468; *Donner* v. *Palmer,* 45 Cal. 181.)

*Corbett & Wellcome,* for Respondents.

DE WITT, J.—This is the same case as that decided by this court September 24, 1894, reported in 15 Mont. 20.

In the opinion on the former appeal we said :   "If this was a case where some particular piece of machinery had been added to a mill owned and leased along with the mine, it would of course, be proper to restrict the lien for such machinery to that which was added by the lessee, and such ruling would be in conformity with the views here expressed, because it is here held that the lien for things furnished the lessee cannot extend to the interest or estate of the lessor; but there is no contention in this case that any of the improvements upon which plaintiff sought to have its lien foreclosed, or any part of the same, existed on said premises, and was owned by the lessors, Hight & Fairfield, when they leased said premises.   There is no denial that the improvements described in plaintiff's lien were wholly added to the leased premises by the lessee; and, if that be true, the same are subject to plaintiff's lien.   The judgment should therefore be modified by decreeing the foreclosure of plaintiff's lien upon the structures described therein, and shown to have been placed on said property entirely by the lessee.   The cause is therefore remanded for modification of the judgment in conformity with the views herein expressed. Judgment modified."

On the remittitur to the district court, the court declined to

modify the judgment by including in the property, upon which the lien was to be foreclosed, a certain boiler and engine. That boiler and engine were some of the improvements described in plaintiff's lien.    It was the law of the case, as decided by the former appeal, that there was no denial that these improvements were wholly added to the leased premises by the lessee. It was also the law of the case, as then decided, that those improvements were subject to plaintiff's lien.

We do not understand that it is possible that the district court would refuse to follow the directions of this court; nor do we understand how it is possible that the opinion of this court, as formerly expressed, could have been misunderstood.

The district court is now instructed to do that which it was ordered to do in the former opinion, namely, to modify its original judgment by including the said boiler and engine in the property upon which the lien is to be enforced.    Remittitur forthwith.

PEMBERTON, C. J., and HUNT, J., concur.