KENNEDY, Administratrix, Respondent, v. DICKIE, Appellant.

(No. 2,405.)

(Submitted November 4, 1907. Decided November 18, 1907.)

[92 Pac. 528.]

*Equity Cases—Appeal—Disposition of Cause—District Courts —New Trial.*

1. The supreme court must, under Act of 1903 (Laws 1903, 2d Extra. Session, p. 7), on appeal in equity cases review all questions of fact arising upon the evidence presented, and determine the same, unless for good cause shown a new trial or the taking of further evidence be ordered. In a cause of an equitable nature it was held on appeal that the defendant had not made out a case upon which he was entitled to recover, and that therefore the trial court should have found in plaintiff's favor. The cause was remanded "to be proceeded with in accordance with the suggestions" made in the opinion. *Held,* that the district court thereafter properly entered judgment for plaintiff, a new trial or the taking of further evidence not having been ordered.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

Action by Catherine Kennedy, administratrix of the estate of Edward B. Kennedy, deceased, against William Dickie. Judgment for plaintiff, and defendant appeals. Affirmed.

*Mr. C. L. Harris,* for Appellant.

The effect of the order "judgment reversed and cause remanded" is only to set aside the judgment that a new trial may be held, unless it appears from the opinion of the court that the adjudication was intended to be a final disposition of the cause. (*Ryan* v. *Tomlinson,* 39 Cal. 639.) The appellate court will not determine the weight of evidence to see what the facts are and order final judgment accordingly. Especially is this true where the evidence is insufficient to sustain the findings or judgment. (*Barkley* v. *Tieleke,* 2 Mont. 435;

*Chumasero* v. *Vial*, 3 Mont. 376; *Barden* v. *Montana Club*, 10 Mont. 330, 24 Am. St. Rep. 27, 11 L. R. A. 593, 25 Pac. 1042; *Sherman* v. *Nason*, 25 Mont. 283, 64 Pac. 768; *Finlen* v. *Heinze*, 32 Mont. 354, 80 Pac. 918; *Bordeaux* v. *Bordeaux*, 32 Mont. 159, 80 Pac. 6; Hayne on New Trial and Appeal, sec. 296.)

A reversal of a judgment has no other effect than to set aside and vacate it, leaving the parties standing as they stood before trial. (*Stearns* v. *Aguirre*, 7 Cal. 443, 449; *Sharp* v. *Miller*, 66 Cal. 98, 4 Pac. 1065; *Argenti* v. *City of San Francisco*, 30 Cal. 459; *Ryan* v. *Tomlinson*, 39 Cal. 639; *Chandler* v. *People's Savings Bank*, 61 Cal. 403.)

The supreme court, in its former. opinion, simply determined the "law of the case" upon the state of facts before it, and did not intend or direct the lower court to enter judgment for plaintiff. (*Nolan* v. *Montana Cent. Ry. Co.*, 25 Mont. 107, 63 Pac. 926; *Sherman* v. *Nason*, 25 Mont. 283, 64 Pac. 768; *Hurley* v. *O'Neill*, 26 Mont. 269, 67 Pac. 626; *Finlen* v. *Heinze*, 32 Mont. 354, 80 Pac. 918; *Mitchell* v. *Davis*, 23 Cal. 382.)

*Mr. Fred. H. Hathhorn*, and *Mr. Harry A. Groves*, for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment of the district court of Yellowstone county. The case has been here before. (*Kennedy* v. *Dickie*, 34 Mont. 205, 85 Pac. 982.) Upon the trial in the district court, prior to the first appeal, the case resolved itself into one of an equitable nature by reason of the equitable defense pleaded in the defendant's answer. On the first trial defendant had a judgment in his favor. That judgment was reversed by this court, and the cause remanded to the district court. The case being again called in the court below, the plaintiff requested the court to make findings of fact in her favor. Before the consideration of that motion, the defendant applied in open court for leave to amend his answer, and stated to the court that he desired a retrial of the action. The proposed

amended answer was not submitted to the court below, and is not before us for consideration. The district court, however, immediately made a finding of fact, as follows: "All of the issues of fact involved in the above-entitled action are hereby determined for and in favor of the above-named plaintiff." The court concluded as matter of law that the plaintiff was entitled to restitution of the lands and premises described in her complaint, and entered a judgment in her favor. From that judgment the defendant has appealed to this court.

The appellant contends that he was entitled to a new trial in the district court, and that the court erred in entering judgment in favor of plaintiff without retrial. Controversy has arisen between the parties as to the effect of the mandate of this court contained in the former decision. The writer of this opinion was not a member of the court at the time that decision was rendered, and is, therefore, in the same situation regarding the case as the judge of the district court was when the *remittitur* was presented to him. The question for decision by him was: What was his duty in the premises in view of the direction of this court? In remanding the case the supreme court said: "The district court, we think, was in error in deciding the case as it did. At the close of defendant's evidence, the plaintiff requested the court to find in her favor. This it should have done since the defendant did not make out a case upon which he was entitled to recover. The judgment and order are therefore reversed, and the cause is remanded to be proceeded with in accordance with the suggestions herein."

The original appeal in the case was submitted on April 21, 1906, and decided May 14, 1906. At the second extraordinary session of the eighth legislative assembly a law was passed, effective December 10, 1903, relating to the powers and duties of the supreme court on appeals. Section 1 of that Act reads as follows: "The supreme court may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had. * * * In equity cases, and in mat-

ters and proceedings of an equitable nature, the supreme court shall review all questions of fact arising upon the evidence presented in the record, whether the same be presented by specifications of particulars in which the evidence is alleged to be insufficient or not, and determine the same, as well as questions of law, unless, for good cause, a new trial or the taking of further evidence in the court below be ordered." (Laws 1903, 2d Extra. Sess., p. 7.)

In this case this court did not order a new trial or the taking of further evidence. On the contrary, the court said that the district court erred in deciding the case in favor of the defendant; that it should have decided in favor of the plaintiff, since the defendant did not make out a case upon which he was entitled to recover. The duty of the district court in the premises was plain. No new trial having been ordered, there was but on thing to be done, to-wit, enter a judgment in favor of the plaintiff. This the court did.

The appellant complains of the hardship that will ensue in cases like this, where a judgment may be rendered in the district court in favor of the wrong party, because, he says, that in such case the party against whom a judgment is directed to be entered by this court will never have opportunity to present here any errors that may have been committed against him in the court below, for the reason that, under our practice, only those errors relied on by the appellant are incorporated in the record. The complaint has some merit in fact, as the writer of this knows from personal professional experience. However, the tenth legislative assembly in its wisdom remedied the practice in this regard by providing that the prevailing party in the court below may have his exceptions incorporated in any bill of exceptions or statement of the case, and "whenever the record on appeal shall contain a bill of exceptions or statement of the case properly settled, setting forth any order, ruling or proceeding of the trial court against the respondent affecting his substantial rights on the appeal of said cause, together with the objection and exception of such respondent properly made, and re-

served, settled and allowed in such bill of exceptions, or state-ment, the supreme court on such appeal shall consider such orders, rulings, or proceedings, and the objections and excep-tions thereto, and shall reverse or affirm the cause on said ap-peal according to the substantial rights of the respective par-ties, as shown upon the record." (Laws 1907, Chapter 35, p. 66.)

The judgment of the district court of Yellowstone county is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE HOLLOWAY: I concur in the result reached and in the construction given to the Act of the extraordinary session of 1903. It is immaterial now what the intention of this court or the individual members may have been in remanding this case upon the former appeal. The district court carried out the plain meaning of the Act of 1903, and cannot be put in error in so doing.

Rehearing denied December 11, 1907.