### FIELD v. AMERICAN–WEST AFRICAN LINE, Inc.

No. 227.

Circuit Court of Appeals, Second Circuit.

April 3, 1946.

Samuel Segal, of New York City, for appellant.

William Logan, Jr., and Hunt, Hill & Betts, all of New York City (Helen F. Tuohy, of New York City, of counsel), for appellee.

Before L. HAND, SWAN and PHILLIPS, Circuit Judges.

PER CURIAM.

■ This appeal comes to us only upon the affidavits presented to the district court from which it appears that the plaintiff is now insane and probably will never recover his reason enough to testify in his own behalf. Issue was joined nearly five years ago, and the plaintiff was thoroughly examined preparatory to trial. Later he took the deposition of a supporting witness, O'Brien, and the defendant has taken the depositions of five other witnesses. The total of these comes to nearly four hundred pages; and although they were not made part of the record on this appeal, we have glanced through them enough to assure ourselves that they cover the main issues, except that of damages. The delays have not all been the plaintiff's fault; but the situation has now come to a pass where some final disposition must be made, for it is not fair indefinitely to expose the defendant to the possibility of liability upon so remote a chance as the plaintiff's recovery. We can not say therefore that it was an abuse of the judge's discretion to dismiss the complaint for lack of prosecution under Rule 41(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ It does not appear whether the alternative of a trial upon the depositions was ever offered to the plaintiff's attorney; quite possibly it was. However, against the possibility that it was not, we think that if he elects to go to trial upon the depositions of his client and O'Brien, such an opportunity should now be given. The plaintiff's deposition will be competent under Rule 26(d), (3), and so will be O'Brien's if he is absent, or if his attendance is not procurable. Rule 26 (d) (2) or (4). The same is true of the defendant's depositions. Obviously, either side should be free to introduce any other competent evidence procurable. Therefore, if the plaintiff's attorney elects within ten days to go to trial upon the depositions we have mentioned together with any other evidence he may present, the judgment will be reversed and the cause set for trial at the May or June, 1946, term of the district court. If the attorney does

not so elect, we can see no alternative but to affirm the judgment.

Judgment modified, as above defined, and, as so modified, affirmed.