**Billy F. RANKIN, Appellant,**

v.

**SHAYNE BROTHERS, INC., Appellee.**

**No. 15440.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 13, 1960.

Decided May 26, 1960.

Danaher, Circuit Judge, dissented.

Mr. Paul Lee Sweeny, Washington, D. C., for appellant.

Mr. Walter J. Murphy, Jr., Washington, D. C., with whom Messrs. J. Harry Welch, H. Mason Welch, J. Joseph Barse, Arthur V. Butler and James A. Welch, Washington, D. C., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

On April 23, 1956, we reversed a judgment entered on a verdict directed by the District Court against appellant, plaintiff in the District Court, and in favor of appellee, defendant in that court. The verdict was directed after presentation of evidence on both sides. Rankin v. Shayne Bros., Inc., 98 U.S.App.D.C. 214, 234 F.2d 35.[1] A copy of our opinion and a certified copy of the judgment remanding the case for a new trial were filed in the District Court May 11, 1956. The bill of costs was recalled by this court in connection with the retaxing of costs, and was filed in corrected form in the District Court November 2, 1956.

On September 24, 1959, on motion of appellee pursuant to Rule 41(b), Fed.R. Civ.P., 28 U.S.C.A., the District Court dismissed the action for lack of prosecution. On this appeal our question is whether in dismissing the action the court abused its discretion. Slavitt v. Meader, 107 U.S.App.D.C. 396, 278 F.2d 276, and cases there cited.

We think the court erred in the special circumstances of the case. The reasons we think so are primarily two-fold: When our retaxed bill of costs reached the District Court on November 2, 1956, the attorney for Rankin was ill and incapacitated, so much so that he had discontinued practice.[2] Secondly, Rankin himself was under medical care from October 1956 to February 1959. His illness cul-

1. At the same time we affirmed judgments in another case growing out of the same collision, on January 3, 1951, between automobiles, respectively, of Rankin and Shayne Brothers.

2. These factual matters were brought out by appellant in argument on the motion and not by way of affidavit, but appellee does not appear to dispute their accuracy.

minated in his hospitalization for about two months starting in November 1958. His condition was evidenced at the hearing on the motion by the certificate of a doctor to the effect that if Rankin had participated in a retrial during the period between October 1956 and February 1959 a severe breakdown might well have resulted.

There is a secondary reason also why we conclude that, although appellee is now entitled to a prompt trial, appellant should not be denied any trial. This reason is the absence of any call of the case, referral of it to the Assignment Commissioner or other action designed to initiate any steps toward securing compliance with our judgment. See Meloy v. Keenan, 17 App.D.C. 235.

There is strength in appellee's argument that it might be prejudiced by the passage of time; [3] but this argument is not sufficiently supported factually to overbalance the certainty of prejudice to appellant if deprived entirely of a retrial as authorized by our previous decision.

In Field v. American-West African Line, 2 Cir., 1946, 154 F.2d 652, the appellate court conditioned the setting aside of the dismissal of an action for lack of prosecution by requiring the trial to proceed on the depositions taken by both parties in preparation for trial. In line with such a procedure the District Court in the present case may, in the exercise of a sound discretion and after hearing the parties on the subject, require that the issue of liability be determined on the evidence at the first trial, without such restriction applying, however, to proof of damages.

Reversed and remanded.

DANAHER, Circuit Judge (dissenting).

The trial judge directed a defendant's verdict when this case was tried in 1954. We reversed, finding that technically this appellant should have been given the benefit of the last clear chance doctrine, despite his negligence. As a practical matter, that the jury had concluded this appellant was substantially at fault at the time of the collision may fairly be deduced from the record and from our discussion of the verdicts as to his wife and child. See Rankin v. Shayne Brothers, Inc., 1956, 98 U.S.App.D.C. 214, 234 F.2d 35.

It is true that appellant's counsel was ill when our retaxed bill of costs reached the District Court on November 2, 1956, but appellant then could have secured other counsel. Whatever considerations motivated his failure to do so, nothing was done thereafter to bring the case on for trial. Not until July, 1959 did the appellee file its motion to dismiss. The District Judge concluded that there was lack of reasonable diligence in the prosecution of the action. It seems to me that he fairly could so conclude and properly dismiss the action. Barger v. Baltimore & O. R. Co., 1942, 75 U.S.App.D.C. 367, 130 F.2d 401.

Appellee represented to the District Court without contradiction that its truck driver and helper, witnesses in the original trial, had disappeared and could not be found. More important, by 1959, appellant would seek to establish a claim to damages for brain injury, thus belatedly asserted to be attributable to the automobile collision which occurred January 3, 1951.

If this court were to say that the appellant, despite the difficulties here, was under no duty to move his action on for trial, I would place my dissent on the ground that the District Judge had not abused his discretion in concluding otherwise. United States v. Pacific Fruit & Produce Co., 9 Cir., 1943, 138 F.2d 367, 372. However, I understand my colleagues are not satisfied that appellee had sufficiently established the prejudice now said to have been occasioned by the delay. Taking that view of the present state of the record, I would narrowly condition the reversal, as we are empowered to do.

3. It was represented to us, for example, that appellee's driver and helper who were witnesses at the earlier trial cannot now be located.

Field v. American-West African Line, Inc., 2 Cir., 1946, 154 F.2d 652.

Presumably the appellant and his wife and the appellee's absent witnesses testified truthfully at the first trial, the transcript of which is available. I would limit proof as to the issue of liability to that established on the record already made. Moreover, I would thereupon limit the appellant so far as his medical proof is involved, to evidence of his condition in November, 1956. I think the dilatory appellant should take nothing with respect to his present assertion of brain injury in the years thereafter when the appellee in 1956 could not fairly have been apprised of or be expected to meet any such claim.