357 P.2d 41 (1960)
In the Matter of the ESTATE of Eli STOIAN, also known as Elie Stoian, Deceased.
Dan D. VONICA, Plaintiff and Respondent,
v.
UNKNOWN FOREIGN AND NON-RESIDENT HEIRS OF Eli STOIAN, also known as Elie Stoian, Deceased, Defendants, and
The State of Montana, Defendant and Appellant.
No. 9974.
Supreme Court of Montana.
Submitted March 2, 1960.
Decided November 21, 1960.
Rehearing Denied December 12, 1960.
*43 Forrest H. Anderson, Atty. Gen., Nicholas A. Rotering, Asst. Atty. Gen., for appellant. Nicholas A. Rotering, Asst. Atty. Gen., argued orally.
Joseph A. McElwain and M. K. Daniels, Deer Lodge, argued orally, for amici curiae.
Ralph J. Anderson and Stanley P. Sorenson, Helena, for respondent. Ralph J. Anderson Helena, argued orally.
HARRISON, Chief Justice.
This is an appeal by the State of Montana from an order determining heirship entered in the district court of the third judicial district, Powell County, on April 28, 1958, in which it was decreed that Dan D. Vonica was the only surviving heir at law of the deceased, Eli Stoian, and therefore entitled to distribution of the entire estate.
Eli Stoian died intestate on or about the 1st day of January 1949, leaving an estate in excess of $10,000. Dan D. Vonica petitioned for letters of administration alleging himself to be the next of kin and heir at law of the deceased. He was duly appointed administrator and qualified as such. Thereafter, on June 13, 1949, an order was made by the district judge appointing two attorneys to represent the unknown and nonresident heirs of the deceased. On August 29, 1949, these attorneys filed a petition to determine heirship pursuant to sections 91-3801, 91-3802, 91-3803, R.C.M. 1947. On January 11, 1950, Dan D. Vonica made his appearance in the matter of this petition to determine heirship, and on May 22, 1950, he filed a complaint alleging that he was a second cousin of the decedent, and as such was the sole heir and entitled to the whole estate.
On May 29, 1950, the attorneys for the unknown and foreign heirs filed an answer to Dan D. Vonica's complaint alleging that decedent was survived by certain individuals, namely, three brothers, and nephews and nieces, who were residents and citizens of Roumania.
The cause came on for hearing before the court on the 26th day of June 1950, and on February 18, 1952, the district court made an order determining heirship in which it decreed that the heirs at law entitled to the distribution of decedent's estate were "Constantin Stoian, related as brother, and residing at Poiana, Sibiuli 1322, Roumania; Paul, also known as Pavel, Stoian, related as brother, and residing in the Republic of Roumania; children surviving decedent's sister, Maria Stoian Bodea, and who are related as nieces and nephews of decedent, and whose names and addresses were not definitely established at said hearing; and, children surviving decedent's brother, Dimitru Stoian, and who are related as nieces *44 and nephews of decedent, and whose names and addresses were not definitely established at said hearing."
The district court further determined that Dan D. Vonica was related as second cousin to decedent, and as such was not within a degree of relationship that entitled him to inherit as an heir of Eli Stoian. From this order, Dan D. Vonica perfected an appeal to this court which is reported as In re Stoian's Estate, 128 Mont. 52, 269 P.2d 1085.
Our laws provide that a person residing in a foreign country cannot participate in the estate of a deceased Montana resident until he has proven his existence and identity, and his relationship to the decedent, and that reciprocity as required by section 91-520, R.C.M. 1947, exists. If a person residing in a foreign country should prove his existence and identity, and his relationship to a deceased Montana resident, but should fail to prove reciprocity, then the estate of the Montana decedent would escheat to the State of Montana pursuant to section 91-502, R.C.M. 1947.
This court in the prior appeal of this case noted that the district court had apparently taken judicial notice of a California case to supply the proof of reciprocity necessary to the foreign heir's right to distribution of Eli Stoian's estate. This court pointed out that the district court should have made its own determination of fact as to the existence of the reciprocity required by section 91-520, R.C.M. 1947, and, if in doing so, the California case was to be relied on by way of judicial notice, then notice should have been given to the adverse party as required by section 93-501-5, R.C.M. 1947.
No one was ever notified that the district court was going to take judicial notice of a California case in making a finding as to reciprocity.
This court thereupon held in In re Stoian's Estate, 128 Mont. at page 59, 269 P.2d at page 1088, that:
"The determination of heirship by the lower court was premature and thus was error, and therefore we are not called upon to answer the arguments and discussions presented in the briefs regarding that finding. The ruling of the district court is reversed and it is directed that the lower court make its own determination in connection with whether or not the country of Rumania has reciprocity with the United States in connection with inheritance, after due notice is given to the interested litigants that a case decided in a sister state is to be used in connection with its findings and an opportunity afforded all litigants interested to be heard upon the question. And it is further directed that said district court make a determination as to whether or not such foreign country places restrictions upon the movement of money or property out of such foreign country and if so, make its order according to the directions found in R.C.M. 1947, § 91-520, subdivision 3."
Thereafter, on September 22, 1955, and subsequent thereto, following the filing in the district court of the remittitur and order of this court reversing with directions, additional hearings were had. On April 28, 1958, the district court made a new order determining heirship which forms the basis of the present appeal.
The State of Montana contends that the district court committed error by declaring Dan D. Vonica the sole heir at law of the decedent and failing to carry out the express directions of this court, namely, that the lower court make its own determination whether the country of Roumania has reciprocity with the United States in regard to inheritance.
If the district court had made a proper finding that reciprocity existed between Roumania and the United States after the matter had been remanded to it, then that court could have properly reinstated its former order of February 18, 1952. However, if it had found that reciprocity did not exist between Roumania and the United States, then it should have amended its decree of February 18, 1952, by declaring the estate of Eli Stoian escheated to the State of Montana, pursuant to sections 91-502, et seq., R.C.M. 1947.
*45 There is nothing to indicate that this court intended the district court to retry the issues concerning the existence and identity of foreign next of kin of the decedent. The holding on the former appeal was simply that the order determining heirship had been premature because the necessary proof of reciprocity had been supplied by improperly taking judicial notice of a California case. The case was sent back to the district court so proper proof of reciprocity could be made, not for a complete retrial of all the issues.
There can be no question as to this court's power to remand a case to the district court with directions that certain further action be taken by it. Section 93-216, R.C.M. 1947, provides in part:
"The supreme court may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had." Emphasis supplied.
Many jurisdictions recognize the principle that a lower court cannot ignore an appellate court's mandate in disposing of a case after it has been returned to the lower court.
"On the remand of the cause after appeal, it is the duty of the lower court to comply with the mandate of the appellate court and to obey the directions therein * * * the trial court commits error if it fails to follow the directions of the appellate court." 5B C.J.S., Appeal and Error, § 1966, p. 577. Citations to cases from 40 jurisdictions are contained in the footnotes to the above statement.
This court also has held that the district court cannot refuse to carry out its mandate when a case has been remanded to the district court for further proceedings. In Montana Lumber & Mfg. Co. v. Obelisk Mining & C. Co., 16 Mont. 117, 40 P. 145, the district court was reversed because it refused to follow the mandate laid down by this court on a former appeal of the same case (Montana Lumber & Mfg. Co. v. Obelisk Mining & C. Co., 15 Mont. 20, 37 P. 897), wherein the district court had been directed to include certain property in a decree of foreclosure.
In further support of the proposition that the district court must follow this court's mandate see Kennedy v. Dickie, 36 Mont. 196, 92 P. 528; State ex rel. La France Copper Co. v. District Court, 40 Mont. 206, 105 P. 721; State ex rel. St. George v. District Court, 81 Mont. 300, 263 P. 97; State ex rel. United States Fidelity & Guaranty Co. of Baltimore, Md. v. District Court, 77 Mont. 594, 251 P. 1061; and Hansen v. Hansen, 134 Mont. 290, 329 P.2d 791.
The district court was in error in failing to follow the mandate of this court as laid down in In re Stoian's Estate, 128 Mont. 52, 269 P.2d 1085, supra.
The district court found on April 28, 1958, that there was no sufficient proof of heirs or next of kin of the decedent residing out of the State of Montana, whereas on the 18th day of February 1952, the court had found such heirs did exist in Roumania. The court apparently believed that if such heirs were not qualified to receive an inheritance they should be disregarded. We cannot subscribe to such view.
In Bottomly v. Meagher County, 114 Mont. 220, 229, 133 P.2d 770, 775, this court stated: "Each Act disqualifies certain heirs, but neither substitutes others, nor leaves the property to devolve to other heirs of the same or more remote degree. Each couples the disqualification with the diversion of the shares for public use; it not only disqualifies the heir in question but takes the estate or his interest in it out of the succession Acts entirely."
See also, In re Giebler's Estate, 118 Mont. 44, 162 P.2d 368.
In our view if the heirs and next of kin described in the order of February 18, 1952, are not entitled to take as heirs by reason of the lack of proof of reciprocity, then the property escheats to the State of Montana, it does not devolve to other relatives of a more remote degree who may be qualified to take.
*46 The respondent, Dan D. Vonica, has filed a motion to dismiss the present appeal, and in view of the fact that this court's holding is against the respondent, the contentions contained in his motion to dismiss should be considered.
The grounds upon which it is predicated that this appeal should be dismissed are as follows:
"1. That appellant, the State of Montana, has not taken its appeal as required by the laws and statutes of the State of Montana in such cases made and provided and particularly Section 93-8005, R.C.M. 1947, in that there is no notice of appeal directed to or served upon the court-appointed attorneys for the unknown non-resident heirs of the decedent and all heirs, legatees and devisees of the decedent who reside out of the State of Montana." and,
"2. That the State of Montana is not a party aggrieved as required by the laws and statutes of the State of Montana relative to appeals and particularly Section 93-8002, R.C.M. 1947."
The State of Montana after first obtaining leave of court appeared in the first appeal (128 Mont. 52, 269 P.2d 1085) as amicus curiae through its attorney general. Thereafter the State of Montana participated in all subsequent hearings and now perfects the present appeal.
As to respondents' first contention, this court, in the case of Mitchell v. Banking Corp. of Montana, 81 Mont. 459, 464, 264 P. 127, 129, held that "An `adverse party,' within the meaning of the statute, is `a party to a judgment whose rights may be injuriously affected by its reversal or modification' (T.C. Power & Bro. v. Murphy, 26 Mont. 387, 68 P. 411), or `one who has an interest in opposing the object sought to be accomplished by the appeal' (Spokane Ranch & Water Co. v. Beatty, et al., 37 Mont. 342, 96 P. 727, 97 P. 838)." See also, Central Montana Stockyards v. Fraser, 133 Mont. 168, 320 P.2d 981.
The rights of the foreign heirs could not be injuriously affected by this appeal. The finding of the district court that Dan D. Vonica was the next of kin of the decedent was a finding directly against the foreign heirs, and if this appeal should be dismissed they are foreclosed forever as no appeal was taken on their behalf.
Also, the foreign heirs have no interest in opposing the object sought to be accomplished by this appeal. The object of the State on this appeal is to secure a reversal of the order of April 28, 1958, and a declaration that the estate of Eli Stoian be escheated to the State of Montana. If the order of April 28, 1958, is reversed and the State of Montana prevails on this appeal, then the foreign heirs, pursuant to section 91-509, R.C.M. 1947, would have a period of two years within which to establish proof of reciprocity and thereby realize their inheritances. Therefore, it is to the best interests of the foreign heirs that this appeal be allowed.
Respondent's second ground for dismissal of the appeal has no merit.
The law in regard to who has a right to appeal from a judgment or order is explicitly stated in Griffith v. Montana W.G. Ass'n, 75 Mont. 466, at page 469, 244 P. 277, at page 278, as follows:
"The right of a party to appeal is not absolute. Section 9730, Revised Codes of 1921 [R.C.M. 1947, § 93-8002] provides: `A party aggrieved may appeal in the cases prescribed in Sections 9729 to 9761 of this Code'. The converse is equally true: A party who is not aggrieved by a judgment or order may not appeal from it. [Cases cited.] It is a general rule, of universal application, that to enable a party to appeal from a judgment or order he must have an interest in the subject-matter of the litigation which is injuriously affected by the judgment or order." Emphasis supplied.
The State of Montana, by virtue of section 91-502 et seq., R.C.M. 1947, and particularly section 91-520 did have an interest in the subject matter of the litigation. No proper proof of reciprocity having been made, the district court should have declared the estate of Eli Stoian escheated to the State of Montana. In failing to do *47 this and declaring Dan D. Vonica to be the sole heir at law and entitled to distribution of the estate, the district court injuriously affected the State's right to escheat of the estate.
Before disposing of this case entirely, it should be noted that the two court-appointed attorneys have appeared in this appeal as amicus curiae, and as such challenge the jurisdiction of the district court to make any order determining heirship on the basis of In re Hofmann's Estate, 132 Mont. 387, 318 P.2d 230, which was decided after the former appeal of this case in 128 Mont. 52, 269 P.2d 1085, supra, but before the present appeal. The decision in In re Hofmann's Estate was that the district court did not acquire jurisdiction to determine heirship where the petition filed pursuant to sections 91-3801, 91-3802, and 91-3803, R.C.M. 1947, was filed by attorneys appointed by the district court in the same manner as those appointed in this case. This places the attorneys in the somewhat unusual position of having argued to the district court prior to the first appeal that it did have jurisdiction to proceed with their petition, but now before this court denying that the district court acquired jurisdiction on the filing of their petition.
Be that as it may, by reversing and remanding to the district court with directions, this court, in 128 Mont. 52, 269 P.2d 1085, impliedly held that the district court, and in turn this court, had jurisdiction to act in the matter before it. As stated in Endresse v. Van Vleet, 118 Mont. 533, at page 539, 169 P.2d 719, at page 721:
"It is elementary that the first question which must be determined by a court in every case is that of jurisdiction. [Citing cases.] In fact it is the duty of a court to examine its jurisdiction, whether raised by any party or not, and sua sponte to determine its own jurisdiction. [Citing cases.]"
This decision on jurisdiction became the law of the case and nothing said in In re Hofmann's Estate, supra, could operate so as to deprive either the lower court or this court of jurisdiction over the matter. When a pronouncement becomes the law of the case, it "must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal; and this, although upon its subsequent consideration the Supreme Court may be clearly of opinion that the former decision is erroneous." Carlson v. Northern Pac. Ry. Co., 86 Mont. 78, 81, 281 P. 913, 914.
The matter of In re Stoian's Estate has been before the courts for more than a decade. In the former proceeding before the trial court in June of 1950, and in the proceeding before the trial court immediately prior to this appeal, ample opportunity was given to the foreign heirs to enter their proof of reciprocity. No proof of such reciprocity has ever been forthcoming. Therefore, realizing that there is a need to end litigation, we deem it expedient not to send this cause back to the district court so that it can correct the error when we may accomplish this under the process of this court. See Hansen v. Hansen, 134 Mont. 290, 299, 329 P.2d 791, supra.
We hold that the order determining heirship dated April 28, 1948, is void, and that the order determining heirship on February 18, 1952, in which certain foreign residents were determined to be the sole heirs at law and entitled to distribution of the estate is reinstated in full force and effect and ordered amended to provide that proof of reciprocity has not been shown to exist between Roumania and the United States and further declaring the estate escheated to the State of Montana pursuant to sections 91-502 et seq., R.C.M. 1947, and the litigation thus terminated.
It is so ordered.
ANGSTMAN and CASTLES, JJ., and CHARLES B. SANDE, District Judge sitting in place of BOTTOMLY, J., concur.
ADAIR, Justice (dissenting).
On April 30, 1954, when this court, by a three to two decision, pronounced the majority opinion in Appeal No. 9215, In re *48 Stoian's Estate (Vonica v. Stoian's Unknown Foreign and Non-resident Heirs), 128 Mont. 52, 269 P.2d 1085, Mr. Justice Bottomly and the writer of this dissent filed separate dissents, stating their reasons therefor. In my dissent, 128 Mont. at page 61, 269 P.2d at page 1089, among other statements I wrote:
"The foreign heirs were wholly unable to prove in the district court that reciprocity is accorded by Rumania. There has been no change in the fact situation during the time the cause has been pending in the supreme court. In view of this situation there appears to be neither need nor reason for remanding the cause to the district court for further proceedings. * * *
"The district court's order should be modified to conform with the requirements of Montana's statutes, § 91-520, et seq., and the litigation thus terminated."
Had such disposition, as was above suggested, been made of the former appeal, the litigation would have been terminated and the rights of the parties litigant would have been thus finally determined in the year 1954 rather than in the year 1960.
For these reasons I am unable to concur in the foregoing majority opinion.