JOHN JANGULA, Plaintiff and Appellant, v. UNITED STATES RUBBER COMPANY, a Corporation, Defendant and Respondent.

No. 11253.
Submitted March 7, 1967.   Decided March 21, 1967.
425 P.2d 319.
See also 147 Mont. 98, 410 P.2d 462.

Mark Doepker, Maurice Hennessey (argued), Butte, for appellant.

Corette, Smith, Dean & Robischon, Kendrick Smith (argued), Butte, for respondent.

PER CURIAM:

Appeal from an order and judgment dismissing plaintiff's action following defendant's motion to dismiss for want of prosecution. This cause was previously before this court upon an appeal by the defendant from a judgment in favor of the plaintiff entered in the district court. The former appeal was argued May 12, 1965, decided on September 30, 1965. Following petition for rehearing a rehearing was granted solely to consider privity of contract in warranty cases, but as to the merits of the appeal and the Opinion of the Court ordering a new trial the petition for rehearing was denied. The Opinion of September 30, 1965, was withdrawn. The rehearing was held on January 11, 1966, and the Opinion was handed down on January 28, 1966, see 147 Mont. 98, 114, 410 P.2d 462. The concluding paragraphs of that opinion state:

"Having found error prejudicial to the defendant occurred upon the trial, we must exercise our discretion as to the proper disposition of this appeal.

"We recognize in considering the bona fides of plaintiff's claim that Dr. Shields thought that the cause of plaintiff's trouble was the rubber boots; that plaintiff had never had any breaking out on his body previously but wound up in the hospital the third day after wearing the U. S. Rubber boots; that he wore another boot thereafter with no ill effects but on a second attempt to wear the U. S. Rubber boots again broke out and went back to the hospital. Had the court sustained the objections to the hypothetical questions, as properly it should have, plaintiff might have been able to eliminate the speculative elements contained in the questions, or, if not, at least he

would have been aware of his lack of proof and had an opportunity to otherwise supply it.

"These circumstances impel us to the view that in the exercise of our discretion in this cause a new trial 'would better serve the ends of justice.'

"The judgment is reversed and a new trial ordered."

No effort was made by either plaintiff, defendant, or the court to see that the cause was set for the new trial as ordered. Defendant says it was the obligation of plaintiff to do so; plaintiff in response to the motion to dismiss stated that it is necessary that an amended complaint be filed, but no application for leave of court for that purpose had been sought. See Rule 15, M.R.Civ.P.

We are well aware of the long standing precedent that there is inherent power in the district court, in the exercise of sound discretion, to dismiss an action for failure to prosecute. See State Savings Bank v. Albertson, 39 Mont. 414, 102 P. 692; Silver v. Eakins, 55 Mont. 210, 175 P. 876; Smotherman v. Christianson, 59 Mont. 202, 195 P. 1106; State ex rel. Johnstone v. District Court, 132 Mont. 377, 319 P.2d 957. This precedent is carried into the new Rules of Civil Procedure as Rule 41(b) and the motion was made under authority of that rule.

However, this court ordered a new trial and in that connection we quote from Estate of Stoian, 138 Mont. 384, 357 P.2d 41, as follows:

"There can be no question as to this court's power to remand a case to the district court with directions that certain further action be taken by it. Section 93-216, R.C.M.1947, provides in part:

" 'The supreme court may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered *or direct* a new trial or *further proceedings to be had.*' Emphasis supplied.

"Many jurisdictions recognize the principle that a lower court

cannot ignore an appellate court's mandate in disposing of a case after it has been returned to the lower court.

" 'On the remand of the cause after appeal, it is the duty of the lower court to comply with the mandate of the appellate court and to obey the directions therein * * * the trial court commits error if it fails to follow the directions of the appellate court.' 5B C.J.S., Appeal and Error, § 1966, p. 577. Citations to cases from 40 jurisdictions are contained in the footnotes to the above statement.

"This court also has held that the district court cannot refuse to carry out its mandate when a case has been remanded to the district court for further proceedings. In Montana Lumber & Mfg. Co. v. Obelisk Mining & C. Co., 16 Mont. 117, 40 P. 145, the district court was reversed because it refused to follow the mandate laid down by this court on a former appeal of the same case. (Montana Lumber & Mfg. Co. v. Obelisk Mining & C. Co., 15 Mont. 20, 37 P. 897), wherein the district court had been directed to include certain property in a decree of foreclosure.

"In further support of the proposition that the district court must follow this court's mandate see Kennedy v. Dickie, 36 Mont. 196, 92 P. 528; State ex rel. LaFrance Copper Co. v. District Court, 40 Mont. 206, 105 P. 721; State ex rel. St. George v. District Court, 81 Mont. 300, 263 P. 97; State ex rel. United State Fidelity & Guaranty Co. of Baltimore, Md. v. District Court, 77 Mont. 594, 251 P. 1061; and Hansen v. Hansen, 134 Mont. 290, 329 P.2d 791."

We were recently confronted with much the same problem in State of Montana ex rel. Gage v. District Court, 148 Mont. 284, 419 P.2d 746, and in that case we delineated the steps to be taken by the district court in order to expedite a final determination of the case of Reilly v. Maw, 146 Mont. 145, 405 P.2d 440, which on the original appeal had been remanded to the district court with directions and suggestions which were not carried out and the results we had hoped for were not achieved.

A similar situation was before the United States Court of Appeals, District of Columbia Circuit, in Rankin v. Shayne Bros., Inc., 108 U.S.App.D.C. 47, 280 F.2d 55. In that case U. S District Judge Alexander Holtzoff dismissed an action for lack of prosecution and an appeal was taken. The question there, as here, was whether the district court abused its discretion in dismissing the action. The Court of Appeals held that the district court erred for two reasons. The first had to do with the illness of appellant and his counsel which is of no moment here. The second reason is pertinent. The Court of Appeals had reversed a judgment entered on a verdict directed by the district court against the appellant who was plaintiff in the district court and the cause was remanded for a new trial. See Rankin v. Shayne Brothers, Inc., 98 U.S.App.D.C. 214, 234 F.2d 35. The Opinion upon the last appeal, appearing in 280 F.2d 55, states in part:

"There is a secondary reason also why we conclude that, although appellee is now entitled to a prompt trial, appellant should not be denied any trial. This reason is the absence of any call of the case, referral of it to the Assignment Commissioner or other action designed to initiate any steps toward securing compliance with our judgment. See Meloy v. Keenan, 17 App.D.C. 235.

"There is strength in appellee's argument that it might be prejudiced by the passage of time; but this argument is not sufficiently supported factually to overbalance the certainty of prejudice to appellant if deprived entirely of a retrial as authorized by our previous decision."

In the circumstances which exist here we feel that the district court abused its discretion in granting the motion to dismiss without having placed the case upon the trial calendar in accordance with the mandate of this court. That plaintiff has been dilatory should not be used as an excuse to void our order granting him a new trial. We say to plaintiff that further delay will not be excused. If application is to be sought

under Rule 15, M.R.Civ.P., it should be done forthwith; if not, the district court should set the cause for trial at the next jury term.

Each party to bear their own costs on this appeal.

HONORABLE VICTOR H. FALL, District Judge, sat in the hearing and oral argument of this appeal and participated in its determination in the place of MR. JUSTICE CASTLES.