No. 84-277

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE THE MARRIAGE OF

LINDA H. SARSFIELD,

        Petitioner and Respondent,

   and

MICHAEL J. SARSFIELD,

        Respondent and Appellant.

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Robert J. Boyd, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Deirdre Caughlan, Butte, Montana

    For Respondent:

        Garnaas, Hall & Pinsoneault, Missoula, Montana

Submitted on Briefs: Oct. 18, 1984

Decided: February 20, 1985

Filed: FEB 20 1985

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Second Judicial District, Silver Bow County, Montana, returning custody of Michael John and Sarah Sarsfield to their mother, Linda Sarsfield. This is the second time this custody dispute has reached this Court, In Re the Marriage of Sarsfield (Mont. 1983), 671 P.2d 595, 40 St.Rep. 1736.

Michael and Linda Sarsfield were married in 1970. Two children were born of the marriage: Michael John and Sarah. The marriage was ever precarious and in 1980 Linda filed a petition for dissolution. The final decree of dissolution was issued in February of 1981. Linda received custody and Michael received liberal visitation rights.

Little more than a year later Michael filed a petition to modify the custody decree. He alleged that Michael John and Sarah had been left alone with M.M., whom Michael believed to be a child molester. He further alleged that Linda was planning to marry M.M. and that the home environment of the children seriously endangered their physical, moral and emotional well being. Michael sought temporary and permanent custody of the children. Linda admitted her pending marriage to M.M. but denied that the children were in any danger or that a change of custody would be in their best interest.

After several hearings on the proposed modification, the court found that the children were seriously endangered by the association of M.M. with Linda, because of M.M.'s status as a child molester, and that there was a danger of further harm if the children stayed in Linda's custody. The court found that the transfer of custody to Michael was in the best interest of the children and so ordered. Linda received visitation rights.

On appeal it was found that there was substantial evidence "to suggest that a potentially serious situation existed with respect to M.M.'s association with Linda and her children." Sarsfield, 671 P.2d at 602, 40 St.Rep. at 1742. Further, it was found that the potential danger to the children constituted a change in circumstances sufficient to justify modifying the prior decree. However, this Court reversed on the grounds that the District Court did not allow evidence on the issue of Michael's fitness as a custodial parent. The case was then remanded with specific instructions as to the nature and scope of further proceedings.

At the conclusion of the remand hearing, the lower court found Michael a fit custodial parent. However, it also found that there was no longer a danger posed to the children because Linda had effectively severed her relationship with M.M. Therefore, the District Court ordered that the original decree be reinstated in all respects. It is from that order that Michael Sarsfield now appeals.

The issue presented by this case is whether the District Court erred by not complying with the directives of this Court on remand.

The notion that a lower court must abide by the mandates of a higher court is both logical and clearly expressed in the law of Montana. Section 3-2-204(1), MCA reads: "The supreme court may affirm, reverse, or modify any judgment or order appealed from and may direct the proper judgment or order to be entered or direct a new trial on further proceedings to be had." It has been held that this statute gives this Court the power to remand a case to a lower court "accompanied by instructions that direct further

action be taken by it in accordance with those instructions."
State ex rel Olson v. District Court of Nineteenth Judicial
District (1979), 184 Mont. 346, 349, 602 P.2d 1002, 1003-4.
In Olson it is stated unequivocally that a lower court cannot
ignore an appellate court's mandate in disposing of a case on
remand. Failure to follow the directives of the appellate
court constitutes error. Further, a district court cannot
fail to carry out the directives of this Court when a case is
remanded for further proceedings. In Re Stoian's Estate
(1960), 138 Mont. 384, 390, 357 P.2d 41, 45.

The instructions to the District Court on remand in
this case are clear and are set out as follows:

> "upon remand, the trial court shall take
> testimony relating to facts or
> allegations that have arisen since the
> prior decree or that were unknown to the
> court at the time of entry of that decree
> concerning Michael's fitness to obtain
> custody. The trial court shall decide
> whether its findings with respect to
> Michael's fitness, considered in
> conjunction with its earlier findings
> concerning the changes in circumstances,
> still warrant modification of the initial
> decree by placing the Sarsfield children
> in Michael's custody." Sarsfield 671
> P.2d at 604, 40 St.Rep. at 1745-6.
> (Emphasis added.)

The District Court did not abide by these instructions.
At the opening of the remand hearing the court indicated its
awareness that testimony was to be presented regarding
Michael's fitness to be a custodial parent. Though some of
the subsequent testimony did concern that subject, the great
majority of the hearing was devoted to Linda Sarsfield's
relationship, or lack thereof, with M.M. Linda's attorney
obviously viewed the remand hearing as an opportunity to
reopen the question of Linda's relationship with M.M. and
whether or not that relationship constituted a sufficient

4

change of circumstances to warrant a change of custody. But the findings concerning change of circumstances had been affirmed by this Court on the initial appeal and were not properly a subject for the remand proceedings. See Sarsfield, 671 P.2d at 603. The clear import of the instructions on remand was that the District Court should weigh whatever findings it made regarding Michael's fitness as a parent against the already settled findings regarding change of circumstances. It was then to decide if modification of the initial decree was still warranted. By failing to do this the District Court has committed error. In finding from the remand hearing that Michael Sarsfield has matured since his remarriage and offers a stable and loving home for his children, but then concluding from the same hearing that a lack of change of circumstances prevents the modification of the initial decree, the District Court has exceeded its mandate from this Court.

Accordingly, the May, 1984 order is reversed and custody of Michael John and Sarah Sarsfield is awarded to their father Michael Sarsfield pursuant to the District Court's finding that he is a fit custodial parent.

_____
Justice

We concur:

_____

_____

_____
Justices

5

Mr. Justice L. C. Gulbrandson, dissenting.

The parties, through their respective counsel, by stipulation and participation in the hearing on remand, treated that hearing as a continuation of the original hearing on the petition to modify custody decree. Both parties, along with thirteen other witnesses, testified without objection. The trial judge also had the transcripts available from the previous hearing and, although he found that the father was now able to offer a stable, secure and loving home for the children, concluded that there had been no substantial change in the circumstances to permit modification of the original decree.

There is substantial credible evidence to support the findings of the trial judge and I would therefore, affirm.

_____
Justice