STATE EX REL. WILSON, RESPONDENT, *v.* MUSBURGER, COUNTY SUPERINTENDENT OF SCHOOLS, APPELLANT.

(No. 8305.)

(Submitted January 7, 1943. Decided January 25, 1943.)

[133 Pac. (2d) 586.]

176

*Mr. R. V. Bottomly,* Attorney General, *Mr. Fred Lay,* First Assistant Attorney General, and *Mr. John M. Comfort,* for Appellant, submitted a brief; *Mr. Lay* argued the cause orally.

*Messrs. Bennett & Bennett,* for Respondent, submitted a brief; *Mr. Lyman H. Bennett, Jr.,* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This is an appeal from an order of the district court for

Madison county granting a peremptory writ of prohibition in ■ ■ favor of the respondent herein. The matter arose out of an attempted consolidation of several school districts in Madison county under section 1034, Revised Codes. The chief question in the case concerns the sufficiency of the petition in District 48 requesting consolidation upon which the election was based. The petition bore the signatures of seven resident freeholders. It was stipulated by counsel for the respective parties that there were at least thirteen resident freeholders, and upon the hearing evidence was adduced by the respondent herein showing that he and other persons, in addition to the thirteen agreed upon, were resident freeholders of the district at the time the petition was filed.

It will be unnecessary here to consider the status of all of the persons claimed to be resident freeholders of the district whose names did not appear on the list of resident freeholders, which was prepared by the county superintendent of schools under section 1034, supra, as the petition must bear the signatures of the majority of the resident freeholders of the district, and if the relator is a freeholder as contemplated by that section, then the petition is insufficient as a majority of the freeholders would not have signed it.

The list of freeholders of the district upon which the county superintendent of schools relied was one prepared for him by the county assessor. He made no independent search of the record, either in the office of the assessor, the county treasurer, the county clerk and recorder or in the clerk of the district court's office. He relies upon the opinion in *Swaim* v. *Redeen,* 101 Mont. 521, 55 Pac. (2d) 1, 5. It was there held by this court that the county superintendent of schools in matters such as this may rely upon the records of the county in determining the number of freeholders resident in the district and that, under the statute, the only reasonable construction was that the statute contemplated only "the freeholders shown to be such by the county records * * *."

The testimony is that respondent's father owned a freehold

within District No. 48; that he died intestate and that respondent is one of his heirs; that probate proceedings of his estate are pending in the district court of Madison county, and that no decree of distribution had been made at the time of the petition. It is appellant's argument that this interest is not one appearing of record under the decision in the *Swaim Case*, supra.

Title to property of a deceased person passes immediately upon his death to his heirs, and it does not pass by reason of the decree of distribution. (*In re Williams' Estate*, 55 Mont. 63, 173 Pac. 790, 1 A. L. R. 1639; *Hoppin* v. *Long*, 74 Mont. 558, 241 Pac. 636.) Respondent then became a freeholder immediately upon the death of his father, since he was an heir at law, and since his father died seized of a freehold estate in the district.

While the *Swaim Case*, supra, holds that it is not necessary ▮▮ to search outside of the records of the county to determine who the freeholders of the district are, there is nothing in that decision to obviate the necessity for a search of all of the records of the county in determining the number. The files of the clerk of the district court's office are as much a part of the records of the county as are the records in the assessor's office, or in the office of the clerk and recorder. An examination of those records would have apprized the county superintendent that relator was an heir at law of his father, and would have required the superintendent to then ascertain whether or not he was in fact a freeholder. The decision in the *Swaim Case*, supra, does not dispense with the necessity for including all the freeholders of the district in the list provided for in section 1034, supra. It is based entirely upon the practical difficulties which the county superintendent faces in making such a list. If the records of the county indicate on their face that a resident of the school district is a freeholder, then it is not unreasonable to require the county superintendent to make adequate investigation if necessary to determine his status. The evidence clearly shows here that relator is a freeholder, and that fact could have been

determined by the county superintendent at the time the petition was filed.

The addition of relator's name to the list of resident freeholders would have increased it to fourteen. Since only seven had signed the petition, it did not conform to the requirements of the statute. This requirement of section 1034 is obviously jurisdictional. Absent a petition signed by a majority of the resident freeholders qualified to vote at school elections praying for consolidation, no election may be held.

Since it is clear that the provision for petition of the resident freeholders who were qualified voters in the district is jurisdictional, there is no merit in the argument of appellant that this requirement is merely directory within the decision in the case of *Chicago, Milwaukee, St. Paul & Pac. R. Co. v. Fallon County*, 95 Mont. 568, 28 Pac. (2d) 462.

Other questions have been raised, but in the view we have taken of the questions discussed, it will be unnecessary to consider them.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON, MORRIS and ADAIR concur.