IN·RE NOSSEN'S ESTATE. APPEAL OF STATE
No. 8561
Submitted September 14, 1945. Decided October 2, 1945.
162 Pac. (2d) 216

Mr. R. V. Bottomly, Atty. Gen., and Mr. Myles J. Thomas and Mr. Fred Lay, Asst. Attys. Gen., for appellant.

Mr. John B. Tansil, U. S. Dist. Atty., of Billings, Mr. R. Lewis Brown, Asst. U. S. Dist. Atty., and Mr. Harlow Pease, Asst. U. S. Dist. Atty., both of Butte, and Mr. Wallace H. Walker, War Division of the Department of Justice, of Washington, D. C., for Alien Property Custodian.

Mr. S. O. Meyer, of Butte, for respondent William Meyer.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

The State appeals from a decree of final distribution which distributed to the Alien Property Custodian five-sixths of the residue of the estate of Johanna Nossen, deceased, consisting entirely of money. Upon her death in 1935 Mrs. Nossen left six heirs at law, five of whom then were, and thereafter continued to be, residents and citizens of Germany. After the inception of war between the United States and Germany, the Alien Property Custodian assumed control of the five non-resident aliens' interests by vesting order issued pursuant to the Trading with the Enemy Act, 50 U. S. C. A. Appendix sec. 5(b), and Executive Order No. 9193, 50 U. S. C. A. Appendix sec. 6 note.

No question is raised as to the Alien Property Custodian's right to receive the shares of enemy alien heirs. The appellant's only contention is that before the vesting order was made the non-resident aliens' interests became the property of the State of Montana under Chapter 104, Session Laws of 1939. Section 2 of that Act provides, so far as here material, that "no person shall receive money or property * * * as an heir, devisee and/or legatee of a deceased person leaving an estate * * * in the State

of Montana, if such heir * * * at the time of the death of said deceased person, is not a citizen of the United States and is a resident of a foreign country at the time of the death of said intestate or testator, unless, reciprocally, the foreign country in question would permit the transfer to an heir, devisee and/or legatee residing in the United States, of property left by a deceased person in said foreign country.''

Sections 3 and 4 of Chapter 104 provided for the escheat to the county of such money or property as would have vested in any person but for the provisions of section 2 (by clerical error mentioned as section 1) and prescribed the procedure to be followed. In Bottomly v. Meagher County, 114 Mont. 220, 133 Pac. (2d) 770, the provision for escheat to the county was held void as in violation of the Constitution of Montana, Article XI, section 2, which places in the public school fund of the state ''all estates, or distributive shares of estates that may escheat to the state.''

By the same decision this court held the provisions of section 2 of Chapter 104 valid as to the estate of an intestate who died after its passage and approval. The question here is whether it can have application to the estate of one who died before its passage and approval. If not, the state has no valid claim and the judgment must be affirmed.

The statute constitutes an amendment of our laws concerning the vesting of property, section 6816, Rev. Codes, by will, section 6977, Rev. Codes, and by succession, sections 7071 to 7092, Rev. Codes, and thus affects substantive rights. Under its terms, in spite of the provisions of other statutes or of wills, no non-resident alien ''shall receive * * * as an heir, devisee and/or legatee'' of a deceased person leaving property in Montana unless the country of his residence permits like reciprocal rights to citizens of the United States, with respect to property left by deceased persons in that jurisdiction.

That it was the intent of the legislature to change the conditions under which rights might vest under the circumstances stated in section 2 of Chapter 104, is shown by section 3, which

specified the procedure to be followed "in any estate where money or property *would have vested* in any person but for the provisions of Section one" [two] of the Act.

It is well settled that rights vest under our statutes immediately upon the death of a testator (section 7040, Rev. Codes), Gelsthorpe v. Furnell, 20 Mont. 299, 51 Pac. 267, 39 L. R. A. 170; In re Clark's Estate, 105 Mont. 401, 74 Pac. (2d) 401, 114 A. L. R. 496; Montgomery v. First Nat. Bank of Dillon, 114 Mont. 395, 136 Pac. (2d) 760, or upon the death of an intestate (section 7072, Rev. Codes), In re Williams' Estate, 55 Mont. 63, 173 Pac. 790, 1 A. L. R. 1639; State ex rel. Wilson v. Musberger, 114 Mont. 175, 133 Pac. (2d) 586.

Upon the intestate's death in 1935 our statutes made the succession to her estate entirely dependent upon relationship, without reference to citizenship or residence. The only proviso was that "no non-resident foreigner can take by succession, unless he appears and claims such succession within five years after the death of the decedent to whom he claims succession", section 7088, Rev. Codes; but that section is only a statute of limitations which does not affect the vested right, but deals only with the remedy by which it is asserted (In re Colbert's Estate, 44 Mont. 259, 119 Pac. 791), and in any event is not in question here. The rights of the heirs vested in 1935, prior to the passage of Chapter 104 in 1939.

Section 6 of the chapter attempted to make it applicable to some such interests which had already vested, namely to those in estates which were in process of probate and undistributed at the effective date of the Act, although not to such interests in estates then not yet in process of probate or in estates already distributed. No citation of authority is necessary to demonstrate the fact that such application of the Act to any interest already vested would violate the constitutional inhibition against the deprivation of property without due process of law. Constitution of Montana, Art. III, section 27.

Since thus the state has no interest in the property in question its appeal must fail and the other questions pre-

sented need not be considered. The judgment is affirmed.

Associate Justices Morris, Adair, Angstman, and Cheadle concur.