### In re GIEBLER'S ESTATE
No. 8549
Submitted September 28, 1945. Decided October 9, 1945.
162 Pac. (2d) 368

Mr. John B. Tansil, U. S. Dist. Atty., of Billings, Mr. R. Lewis Brown and Mr. Harlow Pease, Asst. U. S. Attys., both of Butte, and Mr. Wallace H. Walker, War Division, Dept. of Justice, of Washington, D. C., for appellant.

Mr. R. V. Bottomly, Atty. Gen., Mr. Fred Lay, First Asst. Atty. Gen. and Mr. M. J. Thomas, Special Asst. Atty. Gen., representing the State, and Mr. Oskar O. Lumpus, of Missoula, representing Karl Giebler and Sofie Fischer, for respondents.

Mr. Ralph J. Anderson, of Helena, amicus curiae.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Fred Giebler, a resident of Montana, died intestate on January 22, 1941, leaving an estate therein consisting of real and personal property which during the probate proceedings was reduced to a cash residue of $5,416.54. The surviving next of kin were a half-brother and a half-sister, both nationals and residents of Germany. On February 28, 1942, their petition to determine heirship was filed by their attorney and on April 4, 1942, they filed their complaint claiming to be the sole heirs. Thereafter on November 12, 1942, an order was made adjudging them the sole heirs and entitled to the residue of the estate in equal shares. No appeal was taken from the order.

On March 5, 1943, the Attorney General filed a petition on behalf of the state of Montana alleging that the decedent died intestate "leaving surviving him as heirs" the said two persons; that on January 22, 1941, and at all times thereafter they were nationals and residents of Germany; that at all those times "the laws of Germany, and the policy of its Government, would not and will not permit the transfer to an heir * * * residing in the United States of property left by a deceased person in Germany"; that the entire residue of the estate therefore escheats to the state of Montana under section 2 of Chapter 104, Laws of 1939. The prayer was for an order so adjudging.

The heirs filed an answer putting in issue the Attorney General's petition and admitting that they were nationals and residents of Germany, but alleging that upon intestate's death on January 22, 1941, there existed full reciprocity between the United States and Germany as to such inheritances.

Trial was had and evidence submitted on March 19, 1943, upon the Attorney General's petition and the heirs' answer; but before the matter was finally submitted for decision, the Alien Property Custodian on April 5, 1943, made and filed his vesting order assuming possession of the interests of the two

German heirs, and on May 7, 1943, filed a petition claiming the right to the possession of the alien heirs' interests under the Trading With The Enemy Act, U. S. C. A., Title 50, Appendix, sec. 5(b), Executive Order No. 9193, 50 U. S. C. A. Appendix sec. 6 note, and his vesting order. His petition prayed that the residue be distributed and delivered to him as against both the state of Montana and the heirs.

The Alien Property Custodian's petition thus constitutes an intervention by which he claims the rights of the aliens. The State's answer to his petition does not question his right as against the aliens, but contends that under Chapter 104 the aliens have no interests to which he can succeed. At the hearing on the latter petition and answer on September 8, 1943, by agreement of the parties, the matter was submitted on the record taken at the hearing of March 19, 1943, upon the Attorney General's petition.

At that hearing the attorney for the heirs stated that under federal law the Alien Property Custodian had become authorized to take over all enemy alien property in the United States, thus eliminating any controversy between the latter and the heirs. He also testified without objection that at the time of intestate's death on January 22, 1941, there was full reciprocity between Germany and the United States with regard to transfers of inheritances; that the United States government, by Executive Order No. 8389, 12 U. S. C. A. sec. 95a note, issued on June 14, 1941, for the first time blocked the transfer to Germany of the proceeds of such inheritances and that ten days later the German government retaliated by like action with regard to American residents' interests in estates in Germany; that as a result, without divesting the foreign owners' title, all funds "are frozen within the United States subject to these regulations until further order." There was also admitted without objection a letter from Ralph W. S. Hill, acting legal adviser to the Acting Secretary of State of the United States, making the following statement with reference to claims arising subsequent to August 4, 1931, in estates left in Germany by

legal residents thereof dying there: "According to the Department's information * * * American beneficiaries who were citizens and residents of the United States at the time of the death of the deceased in Germany, and who filed the prescribed application, are receiving in the United States their shares from estates in Germany, although it is possible that in some cases, in view of exchange difficulties, the full amount of such shares is not transmitted at one time."

Subsequently the court made findings of fact and conclusions of law and rendered a decree in accordance therewith in favor of the state of Montana and against the heirs and the Alien Property Custodian. The latter has therefore appealed. It will not be necessary to rule upon the sufficiency of the showing of Germany's recognition of American residents' reciprocal rights in German estates.

Counsel for the heirs made in the trial court, and the Alien Property Custodian has renewed here, the objection that the decree of heirship was conclusive as to the right of the German next of kin to the residue of the estate, no appeal having been taken therefrom. That decree adjudged: "That the said above named Fred Giebler, deceased leaves * * * as his only heirs at law, the following, to-wit: Karl Giebler, brother of decedent and Sofie Fischer, sister of decedent; that under the law in the state of Montana, of which state decedent was a resident at the time of his death and in which state he died, the said Karl Giebler, brother of decedent and Sofie Fischer, sister of decedent, are entitled to have distributed to them, share and share alike, all of the rest, residue and remainder of the property of the estate of Fred Giebler, deceased, * * *."

That decree was rendered upon heirship proceedings had under sections 10324, 10325 and 10326, Revised Codes. It will be noted that the purpose of such proceedings is not to ascertain and declare merely the next of kin nor even the heirs at law but "to ascertain and declare the right of all persons to said estate, and all interests therein, and to whom distribution thereof should be made." Section 10324, Revised Codes. It is

also to be noted that "such determination shall be final and conclusive in the administration of said estate, and of the title and ownership of said property" (section 10324) and that "upon the trial of the issues arising upon the pleadings in such proceedings, the court or judge shall determine the heirship to said deceased, the ownership of his estate, and the interest of each respective claimant thereto or therein, and persons entitled to distribution thereof, and the final determination of the court or judge thereupon shall be final and conclusive in the distribution of said estate, * * * and in regard to the title to all the property of the estate of said deceased. * * * Nothing in this chapter shall be construed to exclude the right upon final distribution of any estate to contest the question of heirship, title, or interest in the estate so distributed, where the same shall not have been determined under the provisions of sections 10324 to 10326 inclusive, but where the questions shall have been litigated under the provisions of these sections, the determination thereof, as therein provided, shall be conclusive in the distribution of said estate." Section 10326.

This court accordingly held in re Baxter's Estate, 101 Mont. 504, 54 Pac. (2d) 869, that a decree rendered in such proceedings, is res judicata and binding on all the world, and that the remedy is by appeal or, in proper cases, by application for relief upon the ground of extrinsic fraud. Consequently, where the decree is not void upon the face of the record, which is not here contended, it may not be attacked collaterally as here attempted.

It is well to note that until 1939 our statutes provided that certain next of kin of an intestate were his heirs at law, without any reference to their citizenship or place of residence, but that Chapter 104 then made a further requirement with regard to non-resident alien next of kin. Thereafter, upon an intestate's death, his non-resident alien next of kin did not become his heirs unless the foreign country of their residence reciprocally permitted like rights in estates there to pass to heirs resident in the United States.

While the language of Chapter 104 is not entirely clear, it · can have only that meaning; for there can be no doubt that the rights of heirs vest under our statutes immediately upon the death of the intestate. Section 7072, Revised Codes; In re Williams' Estate, 55 Mont. 63, 173 Pac. 790, 1 A. L. R. 1639; State ex rel. Wilson v. Musberger, 114 Mont. 175, 133 Pac. (2d) 586; In the Matter of the Estate of Johanna Nossen, Deceased, Mont., 162 Pac. (2d) 216, 118 Mont. 40. Section 2 refers twice to "the time of the death" of the deceased person, and section 3 provides the procedure to be followed concerning the escheated money or property which "would have vested in any person but for the provisions" of the Act. It followed that if at intestate's death his next of kin are entitled to take as heirs under our statutes they immediately become his heirs, and their interests can be divested only by due process of law. On the contrary, if they are not then entitled to take as heirs the property immediately escheats to the state of Montana under the provisions of Chapter 104.

In this case the intestate's next of kin having been duly adjudged his heirs at law and entitled to the property of his estate on distribution, and the decree so adjudging having become final, the trial court had no jurisdiction to re-open the question upon the Attorney General's petition, which alleged that the aliens were heirs but were unable to take as such because of the provisions of Chapter 104, Laws of 1939.

The decree appealed from is therefore reversed and the cause remanded with directions to the trial court to dismiss the Attorney General's petition and to grant the petition of the Alien Property Custodian.

Associate Justices Morris, Adair, Angstman and Cheadle concur.