Christine Burke SLOAN, Appellant,

v.

Robert S. CALVERT, Comptroller of
Public Accounts, Appellee.

No. 12040.

Court of Civil Appeals of Texas,
Austin.

June 20, 1973.

Rehearing Denied July 11, 1973.

John B. Sloan, Diboll, for appellant.

John L. Hill, Atty. Gen., of Texas, Fisher A. Tyler, Asst. Atty. Gen., Austin, for appellee.

O'QUINN, Justice.

Decision in this case turns on construction and application of an inheritance tax statute limiting the periods of time within which the State may enforce its lien by suit or file suit to collect the tax without foreclosure of the lien. (V.A.T.S. Tax.-Gen. art. 14.18(D); Acts 1967, 60th Leg., p. 421, ch. 187, sec. 2)

The issue arises in the main because at the time of the death of the decedent the statute of limitations concerning collection of inheritance taxes had not been enacted and no other applicable limitation was provided by statute.

Christine Warren Burke, whose estate is the subject of this lawsuit, died intestate on March 22, 1957. Her surviving husband in June of 1957 filed a state inheritance tax return as attorney in fact for Christine Burke Sloan, decedent's daughter, who is appellant in this suit. The return alleged the taxable value of the estate to be $35,564.70. The Comptroller of Public Accounts accepted the return and issued an official receipt in August of 1957 acknowledging payment of $94.73 in taxes.

About fourteen years thereafter, in May of 1971, a federal estate tax return was filed showing a taxable estate of $111,438.-75, or more than three times the value reported to the Comptroller in 1957.

The Internal Revenue Service later issued its final assessment and determination of value. Thereafter appellant failed to file an amended or supplemental inheritance tax return with the Comptroller and did not report to the Comptroller the value of the estate as fixed and determined by the Federal Government, in compliance with state statute. (V.A.T.S. Tax.-Gen. art. 14.14(D))

The Internal Revenue Service notified the Comptroller that the federal estate tax return had been made and reported its final assessment and determination of value in the amount of $111,438.75. The Comptroller, acting on such information, in October of 1971, assessed additional inheritance taxes in the amount of $1,498.43, plus interest in the sum of $562.90, in relation to the estate of Christine Warren Burke.

The State of Texas, acting through the Comptroller and the Attorney General, filed suit in June of 1972, for collection of the inheritance taxes and to enforce the State's lien, against Christine Burke Sloan, individually and as an heir of the decedent, Christine Warren Burke.

Trial was before the court, upon pleadings and stipulations of the parties, and the court entered judgment for the State, from which Christine Burke Sloan brings this appeal. We will affirm judgment of the trial court.

The limitations provisions are contained in subsection (D) of Article 14.18:

"(D) Enforcement. The lien provided by this Article may be enforced in any suit brought for the collection of said taxes, penalties, interest, and costs or otherwise enforced under the laws of this state. The lien provided for by this Article shall remain in force on any property of the estate whether or not any probate proceedings are filed on the estate. Said *lien shall remain in force only for five (5) years after the date of the death of the decedent, unless sooner released* by the Comptroller *or unless a suit for the collection of any tax due and to enforce said lien is filed* before the expiration of said five (5) year period; provided, a *suit for the collection of taxes without the foreclosure* of said lien may be *filed within ten (10) years* from said death and the *collection of said taxes, except where suit has been filed* for same as herein provided, *after said ten (10) year period is forever barred . . . .*" (Emphasis supplied)

The final clause of this subsection prescribes that the bar of lien and suit stated earlier in the statute will be without effect when certain reports are not filed with the Comptroller. That clause is quoted in full:

". . . provided, the provisions of this Section (D) pertaining to the duration of the lien for five (5) years and the ten (10) year bar of the collection of taxes *shall have no force or effect unless the reports required by Article 14.14 of this Chapter are filed as provided in said Article.*" (Emphasis supplied)

The reports required under Article 14.14 are (A) Preliminary Report, (B) Invento-

ry and Appraisement, (C) Final Report, and (D) Report of Determination of Federal Tax. It is the last report, determination of the federal tax, with which we are concerned in this case. Subsection (D) states the requirements:

"(D) Report of Determination of Federal Tax. Within thirty (30) days after receiving notice or information of the final assessment and determination of the value of the estate assessed and determined by the Federal Government for the purpose of fixing Federal estate taxes thereon, the personal representative shall make to the Comptroller a report of the value of said estate as so fixed and determined. Said report shall be made in such form and contain such information as the Comptroller directs." (V.A.T.S. Tax.-Gen. art. 14.14 (D))

Appellant contends (1) that even though the limitations statute (V.A.T.S. Tax.-Gen. art. 14.18(D)) was enacted after decedent's death, its provisions are retroactive and apply to her estate; that (2) the final clause of the statute, providing that the limitations prescribed would not become effective unless certain reports were filed with the Comptroller, would not defeat application to this estate of the limitations provisions; and that (3) in view of the issuance of a receipt by the Comptroller in 1957, it would be against public policy, in light of the limitations statute, to hold that the receipt did not foreclose further action by the State to collect additional taxes.

■ We find nothing in the limitations statute to indicate that the Legislature intended the enactment to have a retroactive application, and the manifest intention of the Legislature is the controlling circumstance in interpreting a law as having retrospective or only prospective effect. Deacon v. City of Euless, 405 S.W.2d 59, 61 (Tex.Sup.1966).

■■ The tax on the estate in this case accrued at the time of the death of dece-

dent and the State's lien attached then. To give the limitations statute under consideration the effect of forgiving tax debts not yet collected would be tantamount to releasing or extinguishing an obligation to the State. The Legislature has been denied such power. Smith v. State, 420 S. W.2d 204, 209 (Tex.Civ.App. Austin 1967, affirmed 434 S.W.2d 342, 347, Tex.). Moreover, as was said in *Smith*, "The lien asserted by the statutes is so essential to enforcement and collection of the tax that, without express declaration by the legislature . . . of intent to extinguish prior liens, we are unwilling to find it was the purpose of the legislature . . ." to make the statute retroactive in application in instances of estates such as in this case. (420 S.W.2d 209)

For an additional reason appellant is not entitled to benefit of the limitations statute. Even if the statute could be said to have retrospective application, appellant, by failing to make the reports required of her, may not now invoke the statute.

■ The statute provides that the five year limit on liens and the ten year bar of collection of taxes "shall have no force or effect unless the reports required . . . are filed as provided in said Article." By failing to report the final federal valuation within thirty days after it was made known to her, appellant has rendered the estate ineligible to defend this suit under the limitations provisions. The Legislature plainly intended to place upon the representative of the estate the burden and responsibility to report a final value of the estate to the Comptroller, failing in which the defense of limitations would be denied the estate.

Appellant urges that the Comptroller is now barred from claiming additional taxes, calculated on a final and correct value of the estate, because in 1957 the Comptroller issued a receipt for taxes in the sum of $94.73, based on the value reported at that time in behalf of the estate. Appellant's

position is that the public policy underlying enactment of the limitations statute would be violated to permit the Comptroller to maintain this suit for collection.

■■ It appears that appellant regards the Comptroller's *receipt* as a *release* of the State's lien and claim for taxes. Manifestly, without a showing to the contrary, a receipt for taxes paid, based on calculations upon a preliminary value, cannot be termed a final release of lien and taxes justly due the State. Appellant failed to file with the Comptroller her amended or supplemental tax return, and when a final value was placed on the estate by the federal authorities, appellant failed to report the revised value to the Comptroller, although required by statute to make such report within thirty days. Under the circumstances appellant has not shown that the Comptroller's receipt was in fact a release of the State's claim to such taxes as were justly due upon a final value of the estate, or that by granting judgment for additional taxes the court violated public policy.

The judgment of the trial court is affirmed.

Affirmed.