No. 12776

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

IN THE MATTER OF THE ESTATE OF
O. B. HETLAND, also known as OSWALD
B. HETLAND, Deceased.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Hibbs, Sweeney and Colberg, Billings, Montana
Maurice R. Colberg, Jr., argued, Billings, Montana

For Respondent:

Ayers and Alterowitz, Red Lodge, Montana
Arthur W. Ayers, Jr., argued, Red Lodge, Montana

---

Submitted: November 14, 1974

Decided: FEB -4 1975

Filed: FEB -4 1975

Thomas J. Kearney
                                        Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This case concerns construction of the holographic will of one O. B. Hetland, deceased.

O.B. Hetland died October 14, 1967. His will, dated July 9, 1964, was duly admitted to probate November 8, 1967, and Antonia Hetland, his widow, was appointed administratrix with will annexed the same day. Letters of administration were issued November 15, 1967.

The estate of O.B. Hetland was not completely probated nor distributed when the widow and administratrix, Antonia Hetland, died intestate September 17, 1973.

At the time of his death, Hetland and Antonia had been married only six years and there were no children of the marriage. Hetland had been previously married to Karen Hetland who died October 24, 1959. There were two children born of that marriage, Anne Hilderman and John Hetland; respondents in this action. Antonia Hetland was married previously and had one son, her only heir and next of kin, George Kuchan.

Upon the death of Antonia Hetland, George Kuchan's wife, Eva Ruth Kuchan, was appointed administratrix of the estate of Antonia Hetland. George Kuchan and the administratrix, Ruth Kuchan, are the appellants in this action.

Ann Hilderman, daughter of O.B. Hetland, was appointed administratrix de bonis non with the will annexed of the unfinished probate of the O.B. Hetland estate.

The entire text of the holographic will reads:

"July 9, 1964

To Whom it may concern. This is a preface to my last will & testament.

The princapel reason for this will is to protect my wife Antonia from harm and want when I am gone. She has given me genuine Happiness, taught me tolerance and compassion, in the few years we have been together. If I have wounded anyone I ask forgiveness and ask for piece with My God.

Now this my last Will & Testament.

I want my wife Antonia to have all of my personal property such as Truck, tools, Television household goods glasses an tobacco pouch.

I want her to have free use of and administer my estate for Life or as long as she cares to and when she gets ready to Liquify my estate I want it done in this Manner.

Upon my death I want My Estate to pay funeral .& other expenses that is necessary. If the estate has to Borrow Money for my funeral expenses I want her to have the authority to do it and the estate to carry the debt until the estate is Liquified if Necessary. When my estate is Liquified I want My Wife Antonia to have one third of it. My Daughter Annie or her heirs to have one third and My Son Johnne or his heirs to have the remaining third.

May God Have Mercy on us All.

/s/ Oswald (O.B.) Hetland."

The property in dispute consists of real property located in Billings, Montana, valued on October 14, 1967 at $30,000. The parties agree the present value is higher.

Appellants, George Kuchan, Antonia Hetland's only heir, and Eva Ruth Kuchan, the administratrix of Antonia Hetland's estate, contend that the remainder of the estate of O.B. Hetland, should be distributed one-third to the estate of Antonia Hetland, one-third to Anne Hilderman and one-third to John Hetland.

Respondent, Anne Hilderman, on behalf of herself and her brother John Hetland, contends the remainder of the estate of O.B. Hetland should be distributed one-half to Anne Hilderman and one-half to John Hetland.

The district court in its findings of fact and conclusions of law, held:

"That by the terms of said will decedent did devise to Antonia Hetland a life estate in all of decedent's real estate and that the property in which Antonia Hetland was vested with a life estate was not liquidated during the lifetime of Antonia Hetland and that the provisions of said will as to liquidation and division are therefore inoperative and of no effect."

The court therefore terminated Antonia Hetland's life estate, and awarded the remainder to O.B. Hetland's two children, Anne Hilderman and John Hetland.

The cardinal rule in the construction of wills is that a will is to be construed according to the intent of the testator. Section 91-201, R.C.M. 1947. That is often not easily done. When terms of doubtful meaning are used in a holographic will, as the words "administer" and "liquify" were used in this will, the courts are called on to act as a medium with the spirit world to determine what meaning the deceased had in mind when drawing the will. Not an easy task by any means, nor an infallible one.

The holographic will here is prefaced with "The princapel reason for this will is to protect my wife Antonia from harm and want when I am gone." With that in mind, and reading the text of the will as a whole, there is little doubt that when Hetland wrote "I want her to have free use of and administer my estate for life or as long as she cares to" that he desired to leave Antonia Hetland a life estate.

However, we do not find that the remaining portion of Hetland's will disposes of the remainder after the life estate terminated. It did provide that if Antonia desired to terminate the life estate, or if it became necessary to terminate the life estate, that Antonia would take one-third, daughter Anne or her heirs would take one-third, and son John or his heirs would take the remaining one-third. But, that provision was applicable to only a voluntary termination by Antonia, his wife. That would explain why Hetland failed to place "or her heirs" after his wife's name in paragraph three of the will, but did so after his daughter's and son's names. Because only she, Antonia, could terminate the life estate under this provision, she would have to be alive to accomplish it and hence would have no heirs. This Court finds this explanation more logical than respondent's explanation that in failing to place "or her heirs" after his wife's name, Hetland showed an intent that no part of his estate should go to Antonia's heirs. Had he so intended, he surely would have been more explicit than he was.

Since Hetland created a life estate in his surviving wife and failed to dispose of the remainder after her death, if she elected not to terminate the life estate during her lifetime, the remainder must be distributed under section 91-403, R.C.M. 1947, Montana's intestate succession statute. It is also well settled that under our statute these property interests vested immediately upon the death of the testator, Hetland, subject to the/estate in his widow, and in this case, the elections she could have made under his will. Estate of Hosova, 143 Mont. 74, 77, 387 P.2d 305; Miller v. Murphy, 119 Mont. 393, 175 P.2d 182; In re Nossen's Estate, 118 Mont. 40, 162 P.2d 216.

Therefore, Antonia Hetland, upon the death of her husband, received a one-third vested interest in the remainder of her husband's estate under section 91-403(1), R.C.M. 1947, which passed to her estate upon her death.

That portion of the district court's judgment awarding Anne Hilderman and John Hetland each one-half of the estate of Oswald B. Hetland is reversed. This case is remanded to the district court for a judgment in conformance with this opinion: awarding Antonia Hetland's estate one-third; Anne Hilderman one-third; and John Hetland one-third interest in the estate of Oswald B. Hetland, deceased.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -