No. 13836

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

———————————

SHELLEY G. BURR (nee EGGERT)

Plaintiff and Respondent,

-vs-

DEPARTMENT OF REVENUE OF THE
STATE OF MONTANA,

Defendant and Appellant.

———————————

Appeal from: District Court of the Sixth Judicial District,
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellant:

Robert W. Corcoran argued, Helena, Montana

For Respondent:

Jack W. Burnett argued, Billings, Montana

———————————

Submitted: December 8, 1977

Decided: JAN 30 1978

Filed: JAN 30 1978

*Thomas J. Kearney*
Clerk

Mr. Acting-Chief Justice John Conway Harrison delivered the Opinion of the Court.

The Department of Revenue of the State of Montana appeals from the judgment of the District Court, Park County. Judge W. W. Lessley ruled section 91-4414, R.C.M. 1947, as amended by the Montana legislature in 1973, applicable to the case and the correct statute to apply. Plaintiff was thereby entitled to recover the refund sum of $2,409.13.

The facts are not in dispute. Plaintiff, the sole surviving heir of Joyce and Robert Eggert, filed for a refund of inheritance tax paid by the estate of Joyce Eggert attributable to property held in joint tenancy with right of survivorship by Robert Eggert and Joyce Eggert. Joyce Eggert died August 14, 1972. Robert Eggert died August 15, 1972. Upon Joyce's death the property held in joint tenancy was transferred to her husband, Robert. This property was then transferred upon Robert's death to the sole surviving heir, Shelley G. Burr. Inheritance taxes were paid by Robert Eggert's estate on August 21, 1973, in the amount of $7,501.19. Plaintiff filed for a refund of inheritance tax paid on August 21, 1973, in the amount of $2,409.13 by the estate of Joyce Eggert attributable to property held in joint tenancy with right of survivorship by Robert Eggert and Joyce Eggert. The District Court ruled section 91-4414, as amended, was applicable. Plaintiff was thereby entitled to a refund of $2,409.13. From this ruling, the Department of Revenue appeals.

The question presented is whether the tax accrued prior to the amendment of section 91-4414, so as to be unaffected thereby, or whether the tax had not yet accrued and thus, section 91-4414, as amended, was applicable in determination of the tax.

Section 91-4414(2), R.C.M. 1947, as amended in 1973, states:

-2-

" * * * Any child of the decedent shall be entitled
to credit for so much of the tax paid by the <u>wife
or husband</u> as applied to any property which shall
thereafter be transferred by or from such <u>husband
or wife</u> to any such child, provided the <u>husband or
wife</u> does not survive said decedent to exceed ten
years." (Emphasis added.)

Section 91-4414(2), R.C.M. 1947, before the 1973 amendment
stated:

" * * * Any child of the decedent shall be entitled
to credit for so much of the tax paid by the <u>widow</u>
as applied to any property which shall thereafter
be transferred by or from such <u>widow</u> to any such
child, provided the <u>widow</u> does not survive said
decedent to exceed ten years." (Emphasis added.)

The 1973 amendment allows a credit for inheritance taxes

when the wife predeceases the husband. The prior law did not. The

1973 amendment became effective on July 1, 1973, pursuant to the

general rule as to when new legislative enactments become effective.

Section 43-507, R.C.M. 1947.

The Department of Revenue contends section 91-4414 as in

effect at the time of Robert Eggert's death (1972) controls. The

District Court therefore erred by applying this statute as amended

in 1973 and granting the refund of $2,409.13. We agree.

An inheritance tax accrues at the same time the estate vests,

that is, upon the death of the decedent. All questions concerning

the tax must be determined as of the date of decedent's death. The

right of the state to an inheritance tax vests immediately upon the

decedent's death, although at that time the state may not know the

amount of the tax. 42 Am Jur 2d, Inheritance, Estate and Gift

Taxes, §241. This Court stated in In re Clark's Estate (1937), 105

Mont. 401, 424, 74 P.2d 401, 114 A.L.R. 496:

" * * * we are committed to the rule that upon
death all of the property of the deceased * * *
vests immediately * * *. The right of the state
to an inheritance tax likewise vests at the same
moment. * * * "

See also:  In re Estate of Hetland (1975), 166 Mont. 122, 531 P.2d 367, 369; In re Hosova's Estate (1963), 143 Mont. 74, 387 P.2d 305, 307.

The right of the state to an inheritance tax clearly vests at the time of death.  Likewise, the law in effect on that date is applied in determining the extent of that right.  State ex rel. Blankenbaker v. District Court (1939), 109 Mont. 331, 334, 96 P.2d 936 (reversed in part); In re Hyde's Estate (1949), 92 Cal.App.2d 6, 206 P.2d 420, 425; Sloan v. Calvert (Tex. 1973), 497 S.W.2d 125, 127; In re Werner's Estate (1958), 107 Ohio App. 468, 160 N.E.2d 315, 316.  Decedent, Robert Eggert, died on August 15, 1972.  The state's right to an inheritance tax vested on that date according to the law in effect as of that date.

The District Court's determination of the inheritance tax according to section 91-4414, as amended in 1973, amounts to a retrospective application of the 1973 amendment.  The District Court subjected the state's right to an inheritance tax to an amendment which was not in effect until after the state's rights had vested.  This is contrary to established principles of Montana law.

Section 12-201, R.C.M. 1947, specifically states that no law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared.  The foundation for this presumption was set by the Court in Sullivan v. City of Butte (1922), 65 Mont. 495, 498, 211 P. 301, when it stated:

> "While our Constitution does not forbid the enactment of retrospective laws generally, it is a rule recognized by the authorities everywhere that retrospective laws are looked upon with disfavor.  It is a maxim said to be as old as the law itself that a new statute ought to be prospective, not retrospective, in its operation.  * * * The maxim has its foundation in the presumption that the legislature does not intend to make a new rule for past transactions and every reasonable doubt will be resolved against a retrospective operation. * * *"

-4-

See also: Williams v. Wellman-Power Gas, Inc. (1977), ____Mont.

____, 571 P.2d 90, 34 St.Rep. 1232, 1235; Penrod v. Hoskinson (1976),

___Mont.____, 552 P.2d 325, 33 St.Rep. 705, 708; Dunham v. South-

side National Bank of Missoula (1976), 169 Mont. 466, 548 P.2d

1383.

There is nothing in section 91-4414, as amended in 1973, to

suggest the legislators intended that the statute, as amended, be

applied retrospectively to estates of decedents dying before its

effective date. It is clear that if the legislature had intended

this amendment to be retrospective, it could easily have so stated.

In the past, the legislature has specifically stated a retrospective

intent in the inheritance tax area. See, section 91-4403, R.C.M.

1947. The language found in section 91-4403 indicates awareness

of the legislators that unless they specifically stated otherwise,

the inheritance tax statute they were enacting would apply only

to the estates of decedents dying after the statute's effective

date.

The legislators in amending section 91-4414 could have used

language similar to that found in section 91-4403 had they wanted

their amendment to apply to estates of decedents dying before its

effective date. They did not do so. Therefore, the amendment must

be applied prospectively only.

The District Court in finding for plaintiff relied upon

State Dept. of Highways v. Olsen (1975), 166 Mont. 139, 146, 531

P.2d 1330. The circumstances and holding in Olsen are not on point

with the issues before this Court. That case involved a statute al-

lowing recovery of necessary litigation costs in a condemnation

proceeding. The statute became effective while the Olsen condemna-

tion action was pending. The Court in Olsen allowed the recovery

of litigation costs even though the condemnation case had been

instigated before the statute became effective. The recovery did

not amount to a retrospective application of the new statute. Olsen's right to recover costs did not arise and vest until after the new statute had become effective. Consequently, the new statute was being applied prospectively to a right that had vested after its effective date.

The case at hand is distinguishable from Olsen. Here, the state's right to inheritance tax vested before the statute, as amended in 1973, became effective. Whereas in Olsen, the right to recover litigation costs vested after the statute became effective.

The judgment of the District Court is reversed. The refund of $2,409.13 allowed by the District Court is denied.

_____
Acting-Chief Justice

We Concur:

_____

_____
Justices

_____
Hon. Ronald D. McPhillips, District Judge, sitting in place of Mr. Justice Haswell.