No. 86-332

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN THE MATTER OF THE ESTATE OF
JAMES J. WINTER

_____

APPEAL FROM:   District Court of the Second Judicial District,
               In and for the County of Silver Bow,
               The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Hon. Mike Greely, Attorney General, Helena, Montana
          Clay R. Smith, Asst. Atty. General, Helena

     For Respondent:

          William M. Kebe, Jr., Butte, Montana

                              _____

                              Submitted on Briefs: Dec. 31, 1986

                              Decided:   March 5, 1987

Filed MAR 5 - 1987


_____
                    Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.


The Montana Department of Revenue (DOR) appeals the order of the District Court, Second Judicial District, County of Silver Bow, determining the amount of inheritance tax computed upon the estate of James Winter, deceased.

We reverse.

DOR raises two issues on appeal:

1. Whether DOR is barred from issuing an amended certificate of inheritance tax by § 72-16-402, MCA, laches or estoppel?

2. Whether an inheritance tax is computed based upon the distribution scheme of the probated will or of the will-contest settlement agreements?

James Winter died on March 17, 1983, in Butte, Montana. The personal representative of the estate, Rita Harrington, filed a petition for formal probate of the decedent's will in the District Court on March 24, 1983. The will, dated February 1, 1983 bequeathed $1,000 to each of the decedent's four living grandchildren and the remainder of the estate to Mrs. Harrington, decedent's niece. Objections to the formal probate of the February, 1983 will were filed by Michael Hirschberg, one of the decedent's grandchildren, and Marie Richardson, a non-relative of the decedent. Mr. Hirschberg and Mrs. Richardson had jointly initiated a probate proceeding in Utah on March 21, 1983, based on a will of the decedent dated March 4, 1978. The 1978 will appointed Mrs. Richardson as personal representative, bequeathed $5,000 to Mrs. Harrington and Mrs. Richardson's husband, and the remainder of the estate to the decedent's grandchildren.

On April 15, 1983, the District Court entered an order admitting the 1983 will to probate, finding that this will had not been revoked and was in all respects valid. On that same date, Mrs. Harrington and Mr. Hirschberg executed an agreement whereby Mr. Hirschberg consented to the probate of the 1983 will and Mrs. Harrington agreed to assign and transfer to him one half of her net distributive share due under the 1983 will. A second agreement was entered into between Mrs. Harrington and Mrs. Richardson, whereby Mrs. Richardson was recognized as a joint tenant in three savings accounts of the decedent and whereby she also withdrew her Utah petition for the probate of the 1978 will.

In November, 1983, Mrs. Harrington submitted an application to DOR for a determination of inheritance tax due. The application distributed the shares of the estate according to the terms of the 1983 will and the settlement agreements. A copy of the 1983 will was received by DOR on December 6, 1983. On December 8, a DOR tax examiner called the attorney for the estate and inquired about the difference between the distribution set forth in the will and the distribution set forth in the application. The attorney explained that the application's distribution scheme was based in part on the settlement agreements, and he thereafter mailed a copy of the agreements to DOR.

The District Court issued a decree of distribution and an order approving final account of the estate on April 16, 1984. On April 19, the DOR issued a certificate of inheritance tax due based on the following calculations:

| Distributee | Distributive Share | Exemption | Net Taxable Share | Amount of Tax |
|---|---|---|---|---|
| R. Harrington | $50,214.32 | $1,000.00 | $49,214.32 | $2,937.15 |
| M. Hirschberg | 50,214.32 | 7,000.00 | 43,214.32 | 1,278.57 |
| J. Hirschberg | 1,000.00 | 7,000.00 | - | - |
| P. Hirschberg | 1,000.00 | 7,000.00 | - | - |
| S. Hitchman | 1,000.00 | 7,000.00 | - | - |
| M. Richardson | 27,080.00 | - | 27,080.00 | 2,332.80 |
| | | | | $6,498.52 |

[sic (exemption amounts)]

On April 20, the estate's attorney telephoned the DOR tax examiner and objected to the inclusion of the entire amount of Mrs. Richardson's joint savings account as taxable, adding that the estate would not pay the additional amount of tax. The tax examiner notified her supervisor of this conversation, and the supervisor thoroughly reviewed the files for the estate. This review of the files led the supervisor to believe that the distributive scheme of the will, rather than the distributive scheme of the settlement agreements, should control the incidence of inheritance tax liability. A revised findings for the amount of inheritance tax due was completed, and an amended inheritance tax certificate was issued May 18, 1984. The amended certificate apportioned tax liability as follows:

| Distributee | Distributive Share | Exemption | Net Taxable Share | Amount of Tax |
|---|---|---|---|---|
| S. Hitchman | $ 1,000.00 | $1,000.00 | $ - | $ - |
| M. Hirschberg | 1,000.00 | 1,000.00 | - | - |
| J. Hirschberg | 1,000.00 | 1,000.00 | - | - |
| P. Hirschberg | 1,000.00 | 1,000.00 | - | - |
| M. Richardson | 24,380.56 | - | 24,380.56 | 1,950.44 |
| R. Harrington | 102,128.08 | 690.00 | $101,438.08 | 9,230.09 |
| | | | $ | 11,180.53 |

The estate appealed the amended certificate to the District Court. The court held that DOR was in violation of § 72-16-402, MCA, which states DOR "shall with reasonable

- 4 -

diligence" ascertain the amount of inheritance tax due. By failing to act with reasonable diligence, DOR was estopped from amending its certificate of inheritance tax liability. The court also held that the inheritance tax should be based upon the distributive share actually received, rather than on the share set forth in the 1983 will.

The District Court found DOR's issuance of the amended tax certificate was barred by laches. The court reasoned that since DOR had in its possession a copy of the settlement agreement since December 9, 1983, its decision to amend the amount of the tax due was not reasonably diligent.

Laches is negligence in the assertion of a right; "it exists when there has been unexplained delay of such duration or character as to render the enforcement of the asserted right inequitable." Montgomery v. First National Bank of Dillon (1943), 114 Mont. 395, 408-09, 136 P.2d 760, 766, (quoting Riley v. Blacker (1915), 51 Mont. 364, 370, 152 P. 758, 759). We hold that the doctrine of laches is not applicable to the case at bar.

A review of the record discloses an ongoing conflict with the correct determination of inheritance tax. Mrs. Harrington first submitted an application for determination of inheritance tax to DOR in November, 1983. In December, 1983, upon seeing the discrepancy in the distribution under this application and the decedent's will, DOR requested a copy of the settlement agreement upon which the application's distribution was based, as well as proof of any contribution made by Mrs. Richardson to the joint savings accounts.

Mrs. Harrington sent DOR an amended application in March, 1984. This amended application revised certain deductions relating to the administration of the estate, but did not revise the distributive shares. At the same time, a deposit of $3,634.20 was made to the county treasurer, who

issued a receipt which left blank the final amount of taxes due. On April 16, 1984, the District Court issued a decree approving final account of the estate and finding that all the inheritance tax due had been paid. On April 19, 1984, DOR issued its inheritance tax certificate determining that $6,498.52 was owed, with a balance due of $2,673.05. Upon receipt of the certificate, the attorney for the estate telephoned DOR and stated that the estate would not pay the additional amount of tax due. This telephone call prompted DOR to review and revise its files concerning the estate, and one month later DOR issued its amended inheritance tax certificate.

We do not think that the passage of 30 days between the issuance of the first tax certificate and the amended tax certificate constitutes a lack of reasonable diligence. Upon notification by the attorney for the estate that the estate would challenge DOR's determination, DOR promptly began a review of its files. This review led to the discovery of an error in calculation of the tax due, and an amended certificate was promptly issued. However, we would caution both parties on remand and in the future to calculate their figures more carefully.

The second issue raised by DOR is whether an inheritance tax is computed according to a probated will or a will-contest settlement agreement. We note that there are two prevailing views in this country. The majority view is that an inheritance tax is based on the manner of distribution provided for in the will, while the minority view holds that the tax is based upon the settlement agreement subsequently entered into among the beneficiaries. See generally, Kidder, State Inheritance Tax and Taxability of Trusts 27-31 (1934); See also, Annot., 36 A.L.R.2d 917, 921-932 (1954). The policy behind the majority view is that

- 6 -

taxation based upon the probated will prevents the beneficiaries from conspiring against the state to deprive it of tax monies to which it is entitled by law. The minority view holds that it is more equitable to tax property based upon its actual distribution.

We adopt the majority view. In Montana, an inheritance tax is a tax upon the right to receive property, rather than a tax upon the property itself. In Re Kohr's Estate (1948), 122 Mont. 145, 151, 199 P.2d 856, 859. The inheritance tax accrues at the same time the interests of the beneficiaries vest, the interests having vested upon the death of the decedent. Id. at 152-57, 199 P.2d at 860-862. All questions concerning tax must therefore be determined as of the date of the decedent's death. Burr v. Dept. of Revenue (1978), 175 Mont. 473, 475, 575 P.2d 45, 47. The right of the State to an inheritance tax vests immediately upon the decedent's death. Id. This right cannot be annulled or abridged by any subsequent agreement between the beneficiaries of the estate. Compromise agreements may be entered into by the beneficiaries but such a compromise does not impair the rights of the taxing authorities who are not parties to the agreement. Sections 72-3-131(2) and 72-3-915(1), MCA.

The District Court, in its opinion incorrectly adopting the minority view, relied on In Re Thorson's Estate (Minn. 1921), 185 N.W. 508, 509, where the Minnesota Supreme Court held:

> The legatee who yields up a portion of his legacy in consideration of the settlement and to avoid litigation must be deemed as renouncing his legacy to the extent shown by the settlement, leaving the amount thereof a part of the estate, and those who receive it, whether by formal decree of the court [or] by settlement standing alone, should pay the tax thereon.

However, the District Court's analogy of renunciation to settlement agreements is misplaced. The procedure for renunciation in Montana is clearly set forth in § 72-2-101, MCA, and it provides that the person renouncing his or her interest may not direct to whom the interest will devolve. Renunciation of succession is distinct and separate from will-contest settlement agreements. Renunciation is not controlling in this case since the parties did not follow the procedure set forth under § 72-2-101, MCA.

The majority view that inheritance tax follows the will rather than the actual distribution of property favors the State as the taxing entity in this case. However, today's ruling is a double-edged sword which cuts two ways. In the event that a probated will distributes property to individuals or organizations exempt from taxation, a subsequent agreement which distributes property to individuals or organizations subject to taxation will work to the State's detriment. In order to quell future disagreement on this point, we find it beneficial to adopt the uniform policy that inheritance tax be computed on the basis of the probated will.

The order of the District Court is reversed, and the case is remanded for a final account of inheritance tax due consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
                    Justices


Mr. Justice John C. Sheehy did not participate in this decision.